562 A.2d 427

**BELL TELEPHONE COMPANY OF PENNSYLVANIA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ARTUCH), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 15, 1989.

Decided July 26, 1989.

Peter J. Weber, Jeffrey D. Newby, Rawle & Henderson, Philadelphia, for petitioner.

Jay I. Bomze, Bomze and Assoc., P.D., and Thomas R. Yorko, Philadelphia, for respondent, Michael Artuch.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

This worker compensation appeal by Bell Telephone Company of Pennsylvania, the employer, poses a straightforward question concerning the proper apportionment of a $15,000 recovery from a third party, and the legal expenses required to obtain it, where the claimant, Michael Artuch, effected a settlement of his suit against an alleged third-party tortfeasor claimed to have liability for his injury.

Applying the plain terms of section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671,[1] this court decides that the employer is subrogated to the amount of that recovery to the extent of its accrued workmen's compensation lien for compensation paid, and that the legal expenses shall be prorated so that the employer is charged with that proportion of the legal expenses which the accrued compensation lien bears to the total settlement recovery.

There is no dispute with respect to the key dollar amounts involved because the parties have mutually confirmed them by stipulation. The total amount of the third party settlement recovery is $15,000. The legal expenses total $7,290.67, consisting of $6,750 attorney's fee (45% of $15,000), and $540.67 in litigation costs. The total accrued lien for workmen's compensation paid to date is $9,662.41,

---

1. Section 319 provides in part:

   Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

consisting of $2,695.18 in compensation paid and $6,967.23 in medical expenses paid. This case involves no future compensation payable.

In an effort to put an end to the arithmetical confusion which has plagued this proceeding, this court here states our bottom-line conclusion at the outset. Applying section 319 very readily produces the following result. "[T]he employer shall be subrogated to the right of the employee ... against such third party to the extent of the compensation" paid by the employer, $9,662.41, but "reasonable attorney's fees and other proper disbursements incurred ... in effecting a compromise settlement shall be prorated between the employer and employee...." Thus, for the benefit of the foregoing subrogated amount, the employer must "pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid ... at the time of ... settlement bears to the total ... settlement." The proportion which the total compensation paid, $9,662.41, bears to the total settlement amount, $15,000, is determined by dividing the former by the latter, arriving at 64.4%. Hence the employer, bound to bear its proportion of the total legal costs spent to obtain the total settlement recovery, is charged with its 64.4% share of the $7,290.67 legal expenses, or a charge of $4,695.19, which, deducted from the $9,662.41 total accrued lien amount gives a net of $4,967.22 due the employer. As the last sentence of section 319 clearly states, the claimant gets the balance, i.e., "[a]ny recovery ... in excess of the compensation theretofore paid by the employer...."

After the employer had instituted this proceeding with a suspension petition to implement its subrogation rights to the settlement, the referee awarded a net amount of $6,471.83 to the employer, even though the referee treated $2,250 of the $15,000 settlement as attributable to the consortium claim of the claimant's wife and therefore, in the referee's view, not subject to subrogation.

■ Pursuant to the claimant's appeal from the referee's decision to the Workmen's Compensation Appeal Board, the board correctly disagreed with the referee's assignment of $2,250 to the claimant's wife's consortium claim, freed of the subrogation interest. After careful study, this court recently held that the workmen's compensation system has no authority or jurisdiction to determine the amount of a wife's consortium claim in a proceeding against an alleged third-party tortfeasor. *Dasconio v. Workmen's Compensation Appeal Board,* 126 Pa. Commonwealth Ct. 206, 220, 559 A.2d 92, 99 (1989). We held that (unless the claimant and employer agree to designate a consortium claim amount) such a determination is solely one for the tort proceeding and not cognizable by compensation authorities. (As will be explained below, because the accrued lien amount in this case can be satisfied from the tort recovery whether or not the sum attributed to consortium is deducted, that particular question does not affect the outcome of this case one way or the other.)

However, even though the board regarded the entire $15,000 recovery as subject to subrogation, the board's decision awarded to the employer a net recovery of only $818.66, much less than the referee had granted after attributing part of the recovery to the consortium claim.

In view of the remarkable differences between the $6471.83 awarded to the employer by the referee, the $818.66 granted to the employer by the board, the net of $4,996.38 claimed by the employer, and the zero amount alleged by the claimant to be due the employer, an explanation of the proper computation should precede our analyses of the errors in those disparate alternate results.

*Net Amount Due Employer Under Section 319*

■ Despite the great difference in results achieved, the claimant and the employer derive, and agree upon, precisely the same correct formula from section 319 and from *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas),* 506 Pa. 592, 487 A.2d 794 (1985).

Because section 319 entitles the employer to be reimbursed for previously paid compensation out of the settlement, and requires the employer to pay the proportion of legal costs which the accrued lien amount bears to the "total recovery," the formula necessarily is as follows: Let P equal accrued past compensation lien, R equal the total recovery and C equal the total legal expenses; the formula therefore is: $P/R \times C$ = legal costs to be charged against the employer for the benefit of the subrogation reimbursement.[2]

To apply that formula, we take "P" the $9662.41 accrued compensation lien, divided by "R" the $15000 total recovery, and we multiply that product by "C" the $7,290.67 total of legal costs; we thus find that the accrued lien is 64.4% of the total recovery and therefore, the employer must bear 64.4% of the $7,290.67 legal costs or $4,695.19. Hence, deeming the employer to have the benefit of full subrogation of its $9,662.41 accrued lien, and accordingly charged with $4,695.19 to obtain that recovery, the employer's subrogation interest is fully satisfied by a net payment of $4,967.22 to the employer.

As noted above, in this case the designation of 15% of the total recovery, $2,250, as relating to the claimant's wife's consortium claim does not affect the result. The 15% share of the $7,290.67 legal costs to be charged to that consortium amount of $2,250 is $1,093.60. The remainder of the total recovery going to the claimant ($15,000 minus $9,662.67 minus $2,250) is $3,087.59, which, as 20.6% of the $15,000 total recovery, is charged with 20.6% of the $7,290.67 legal expenses or $1,501.88 as the claimant's legal costs portion. Thus, with a consortium component assumed, we note that a cumulation of all of those legal expense components— $1,093.60 for consortium, $1,501.88 for the claimant's share

2. The employer's brief refers to this charge against the employer as "e," the "Employee's share," but it really is the employer's share of the costs chargeable to the employer's subrogation benefit. The claimant, more correctly, calls the same charge "E," as referring to the employer's share of legal costs.

and $4,695.19 for the employer's subrogation—still adds up to the correct legal expense total of $7,290.67.

The result reached by this court is the same as that which appertains if we employ Form LIBC 380, promulgated by the Bureau of Workers' Compensation of the Department of Labor and Industry. Appended to this opinion are two filled-in copies of that form, one as Attachment A showing the distribution of these third-party recovery proceeds without recognition of any consortium claim, and a second, Attachment B, showing the disposition of such proceeds with the consortium claim recognized. In either case, the result shows that the net amount to be awarded the employer, after satisfying the subrogation interest and charging the employer with the legal cost thereof, is $4967.22. Therefore, using the worker compensation system's own forms, the correct result is apparent and confirmed.

### The Various Incorrect Alternative Calculations

The referee's decision took the gross settlement of $15,-000 minus $2,250 for consortium and multiplied the $12,750 result by 55% to arrive at $7,012.50, and then subtracted the litigation expenses of $540.67 to reach a figure of $6,471.83 due to the employer. Where did the referee get a 55% factor? The referee's system, not approved by the bureau or any court or the statute, was to note that the contingent fee percentage for tort counsel was 45% and therefore to attribute 55% of the recovery, less consortium amount, as constituting the employer's subrogation share, subject only to the litigation expenses. Because that calculation made no reference whatsoever to the accrued compensation lien amount—which must be the basic starting point in any subrogation calculation—the referee's calculation necessarily went adrift.

The board, after correctly eliminating the consortium amount from the calculation, proceeded by determining a net recovery of $7,809.33 ($15,000, less an incorrect figure for total legal expenses, $7,190.67). Because the accrued compensation lien ($9,662.41) exceeded that net recovery,

the board concluded that the employer was entitled to subrogation of the entire $7,809.33 net amount. Incorrectly stating that "[i]n this case the compensation already paid exceeds the $15,000 gross recovery ...," the board then held the employer responsible for *100%* of the legal costs, totaling (as the board incorrectly stated) $7,190.67. Thus, having arrived at a *net* amount of $7,809.33 by *deducting all* of the legal expenses, the board then imposed the burden of all those legal costs a second time, subtracting them again to arrive at the balance of $818.66. Of course, in crediting the employer with a net amount, after deducting legal expenses, and then deducting legal expenses from that sum a second time, the board erred.

The claimant's calculation uses the correct abstract formula, as described above, but subtracts the consortium amount to use $12,750 as the total recovery to be involved in the calculations. However, the claimant forgets that the consortium amount, if it were involved, would have to bear its proper proportion of the legal expenses of $7,209.67. By computing the employer's proportionate share with the use of the accrued lien amount over the smaller divisor of $12,750, the claimant inflates the proportion of the employer's legal expense burden to nearly 76% and hence arrives at $5,525.13 as the employer's share of legal costs. Then the claimant subtracts the *full* amount of the legal expenses from the reduced recovery amount $12,750, to arrive at $5,459.33 as the "net recovery" due the claimant. Then, declaring that "[t]his sum is less than the employer's share [of legal expenses] which are payable to claimant as a matter of right"—$5,525.13 as declared by the claimant—the claimant contended that "there can be no actual reimbursement to the employer in this case in light of the limited third-party recovery." Thus, the claimant, by extracting the consortium claim without attributing any legal expense to it, by calculating a net amount through subtraction of the full amount of legal expenses, and then by charging the employer with its alleged share of legal ex-

penses in addition, also duplicates the legal expense attribution.

The claimant's brief is simply contrary to the record facts and claimant's own stipulation when it declares that the "third party settlement was insufficient to the point that not enough money was available for reimbursement of the subrogation lien." Obviously, $15,000 (or even $12,750) is sufficient for reimbursement of a subrogation lien in the amount of $9,667.41—subject, of course, to the employer's reciprocal obligation with respect to the legal expenses related to that subrogation lien amount.

Also, by devising a priority which credited the claimant first, the claimant's brief overlooks that last sentence of section 319, which provides that, after first crediting the employer with the subrogated amount less pro-rata legal expense, only then is the claimant credited with the balance or excess, if any.

Finally, we note that the employer's brief makes the calculation with essential correctness, arriving at a slightly understated figure of $4,666.03 as the legal expense amount to be charged against the employer. That amount is a little low because the employer's brief rounded off the employer's proportionate burden down to 64% instead of 64.4%, the more exact percentage which produces the $4,695.19 figure determined by this court to be the correct legal expense charge against the employer.

## Conclusion

In this opinion, this court has taken the trouble to review all of the calculations to show that, particularly in this garden-variety sort of case, the application of section 319 involves mathematical computations which are not unduly complicated. The bureau's own forms, if they are employed, provide one example of a workable vehicle for making those computations.

As explained above, and as computed in detail on the attached forms, the legal expenses of $7,290.67 doubtless

have been withheld from the settlement by the tort case legal counsel. The net amount due for satisfaction of the subrogation right as to the worker compensation lien is $4,967.22. The claimant, or the claimant and spouse together, thereby receive a net amount of $2,742.11. The correctness of these three sums is verified because they add up to a total of exactly $15,000, the amount recovered.

The board decision is reversed, and this case is remanded with a direction that subrogation award to the employer shall be $4,967.22.

As noted above, this case involves no future compensation payable, as in *Rollins* or *Dasconio*.

## ORDER

NOW, July 26, 1989, the order of the Workmen's Compensation Appeal Board, dated December 14, 1988, at Docket No. A–93862, is reversed and this case is remanded with a direction that the award in satisfaction of subrogation to petitioner shall be $4,967.22.

Jurisdiction relinquished.

LIBC-380 (3-78)

## ATTACHMENT A

### THIRD PARTY SETTLEMENT AGREEMENT

(Section 319 of Pennsylvania Workmen's Compensation Act)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY.
BUREAU OF WORKERS' COMPENSATION
3607 Derry St.
Harrisburg, Pa. 17111

CLAIMANT ___MICHAEL ARTUCH_____

EMPLOYER _BELL TELEPHONE OF PENNSYLVANIA____

W. C. CARRIER _____

BUREAU FILE # _____

DATE OF INJURY _____

FILE # _____

FILE # _____

IN ACCORDANCE WITH SECTION 319 OF THE PENNSYLVANIA WORKMEN'S COMPENSATION ACT, PARTIES HEREIN HAVE AGREED TO THE FOLLOWING DISTRIBUTION OF PROCEEDS RECEIVED FROM _____, THIRD PARTY:

TOTAL AMOUNT OF THIRD PARTY RECOVERY ................. $ 15,000.00

LESS TOTAL WORKMEN S COMPENSATION LIEN ............ -9,662.41

BALANCE OF RECOVERY ................................... $ 5,337.59

BALANCE OF RECOVERY shall constitute fund for credit against future [future compensation workmen's compensation payable, subject to reimbursement to Claimant not applicable] of expenses of recovery at the rate of _____ % on credit used.

### DISTRIBUTION OF PROCEEDS

EXPENSES OF RECOVERY

Attorney Fees .45% contingent fee.............. $ 6,750.00

Other Expenses (if any) ........................ + 540.67

Total Expenses .................................................... $ 7,290.67

WORKMEN'S COMPENSATION LIEN

Compensation ................................... $ 2,695.18

Medical ........................................ +6,967.23

Total Lien .................................... $ 9,662.41

Less Pro Rata Share of Expenses of Recovery ... -4,695.19 [64.4%]

Net Recovery of Workmen's Compensation Lien .................... $ 4,967.22

CLAIMANT - NO CONSORTIUM AMOUNT

Balance of Recovery ........................... $ 5,337.59

Less Pro Rata Share of Expenses of Recovery ... -2,595.48 [35.6%]

Net Recovery to Claimant ....................................... $ 2,742.11

TOTAL ...................................................... $ 15,000.00

580

LIBC-380 (3-78)

**ATTACHMENT B**

THIRD PARTY SETTLEMENT AGREEMENT

(Section 319 of Pennsylvania Workmen's Compensation Act)