578 A.2d 1375

**CNA INSURANCE CO., and Vare Brothers, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROMEO), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1990.

Decided Aug. 21, 1990.

Roger B. Wood, Harvey, Pennington, Herting & Renneisen, Ltd., for petitioners, CNA Ins. Co.

Michael R. Hetrick, Asst. Counsel, with him, David F. Binder, for respondent.

Before CRAIG and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

CNA Insurance Company, Petitioner, (Employer's Insurer), appeals here a denial by a referee and the Workmen's Compensation Appeal Board (Board) of a claim by Insurer for reimbursement from the Workmen's Compensation Supersedeas Fund.[1] We will affirm in part and reverse in part.

Claimant suffered serious injuries on January 26, 1977 for which compensation was paid by Insurer at the rate of $199.00 per week. On August 25, 1981, Claimant, Domeni-

---

1. Section 443 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999.

co Romeo, settled his action against the third party tortfeasor, in which Insurer participated.

The referee made the following pertinent findings:

2. On August 25, 1981 Claimant Romeo received from the Philadelphia Electric Company a $165,000 settlement of a third party negligence action in connection with his January 26, 1977 work related injury.

3. On or about April 15, 1982 CNA filed a Petition for Modification seeking credit out of the third party settlement against past and future workers' compensation due Claimant Romeo.

4. CNA's Petition for Modification did not request a supersedeas, but at the hearing held on November 29, 1982 CNA's petition was deemed amended so that it contained a request for supersedeas. This supersedeas request was denied by the Referee in an interlocutory order dated December 21, 1982.

5. In a final decision the merits of the modification petition, circulated on October 24, 1985, the Referee granted the petition and decreed as follows:

'... as of August 25, 1981 Defendant was entitled to a credit of $150,000 against its workers' compensation liability out of Claimant's third party recovery. Claimant's compensation is hereby REDUCED from the rate of $199.00 per week to $72.56 per week until the $150,000 credit to which the Defendant is entitled has been exhausted, at which time Claimant's compensation shall again be paid at the rate of $199.00 per week.'

6. In his decision on the modification petition the Referee had found that CNA had compromised its lien for compensation paid to Claimant for $15,000 and was entitled to a credit for future compensation payable in the amount of $150,000.

. . . .

9. Pursuant to the denial by the Referee of CNA's request for supersedeas, CNA made payments to Claimant Romeo of $126.44 per week in excess of the amount which was due and owing to Claimant Romeo during the

period from August 25, 1981 to November 7, 1985, inclusive.

Findings of Fact Nos. 2–6, 9.

The referee made the following Conclusions of Law:

1. CNA's act of compromising Claimant Romeo's lien of $150,000 for $15,000 constitutes an accord and satisfaction which bars CNA from seeking the difference from the Supersedeas Fund. Cf. *Commonwealth of Pennsylvania, Department of Labor and Industry vs. WCAB (Commercial Union Insurance Company)*, [97 Pa. Cmwlth. 520], 510 A.2d 373 (Pa.Cmwlth.1986).

2. Claimant Romeo's and CNA's act of compromising the $150,000 compensation lien of the insurer for $15,000 is not binding on the Commonwealth since the Commonwealth was not a party to that compromise.

3. The within filed Supersedeas Fund Reimbursement Application must be denied.

Conclusions of Law Nos. 1–3.

At the outset, we point out that the first and second Conclusions of Law are clearly in error, undoubtedly by oversight, since $15,000 was actually paid to compromise a compensation lien of $45,000 for past compensation paid to Claimant, ordinarily an item for which an insurer is entitled to subrogation out of the third party recovery. Secondly, Insurer is not entitled to subrogation in the full amount of $150,000, or even in the amount of $45,000, under the holding of this Court in the case of *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.)*, 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989). In that case, similar to this one, there was an agreement to compromise the lien for back compensation payments which was found to be legally sound and the formula for computing the amount applicable as a credit to insurer against future weekly compensation liability was determined by use to some extent of a formula presented in *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 487 A.2d 794 (1985). Under that formula, the "grace" period was computed during which compensation benefits

could be suspended by reason of credits granted to insurer out of its subrogation share of the third party settlement.[2] Here, the referee noted that the gross recovery of $165,000, paid by way of settlement by the tortfeasor was reduced to a net figure by deduction of attorney's fees of $59,899.10, plus other costs of $277.23, or a total cost of the third party recovery of $60,176.33, which the referee computed to represent 36.46% of Claimant's recovery. Finding of Fact No. 4 of the referee's decision of October 8, 1985, R.R. 114a. It was noted further that the $45,000 lien for past benefits paid to claimant was compromised in aid of the third party settlement for $15,000. Whereupon, the referee deducted $15,000 from the total recovery of $165,000, resulting in his conclusion that $150,000 was a credit in favor of the workmen's compensation insurer against future benefits. In the referee's prior decision dated October 8, 1985, he made the following finding:

> 6. Effective August 25, 1981 compensation benefits should be reduced to $72.56 per week (.3646 × $199.00). This modification should continue until such time as the amount available for credit against future compensation has been exhausted.

Finding of Fact No. 6.

The referee in that decision then ordered as follows:

### ORDER

AND NOW, this 30th date of September 1985, it is ORDERED that Defendant's Petition for Modification be and it is hereby GRANTED. It is DECREED that as of August 25, 1981 Defendant was entitled to a credit of $150,000.00 against its workers' compensation liability out of Claimant's third party recovery.

Claimant's compensation is hereby REDUCED from the rate of $199.00 per week to $72.56 per week until the $150,000.00 credit to which Defendant is entitled has been

2. As will appear hereafter, two methods have been used to compute the grace period.

exhausted, at which time Claimant's compensation shall again be paid at the rate of $199.00 per week.

R.R. 115a–116a.

█ Obviously, there are flaws in the referee's conclusions and computations. Employer is not entitled to credits from the third party settlement of $150,000 ($165,000 less the $15,000 paid to compromise the lien of $45,000). CNA, having settled the amount of its lien of $45,000 for the sum of $15,000, as we noted in *Dasconio*, Claimant is entitled to the benefit of his bargain, in achieving a settlement of a $45,000 lien for the sum of $15,000, so that the "Balance of Recovery"[3] would then be computed by reducing the total recovery of $165,000 by $45,000 as the first step to determine the fund for subrogation in favor of insurer and in reduction of future payments. The referee, as indicated in the above quoted findings of October 8, 1985, reached the result of reducing the $199.00 weekly compensation rate to reimbursement for the costs of the third party fund to a weekly rate of $72.56 and thus, the referee found that there would be a grace period during which CNA should receive a credit of $126.44 per week. It is true, of course, that the referee's percentage figure of .3646 × $199.00, reducing the weekly payment to $72.56 cannot be faulted arithmetically; nevertheless, we must disagree with his methodology and results otherwise.

As appears in *Dasconio*, and the Bureau formulations, there are two possible methods for computing the "grace period," during which the Employer or its insurer is relieved by credit from the subrogation fund of some or all of its weekly compensation benefits obligations: under the "Net Method," *Rollins*, where costs of creating the fund, here, as noted above, $60,176.33, are deducted at the outset so that no further reimbursement need be made to Claimant for Insurer's relief from future weekly benefits of Insurer's pro rata share of the cost of creating the subrogation fund. Under the other, or preferred formula, the Gross Method,

---

**3.** Bureau of Workers' Compensation terminology for gross recovery less Insurer's lien for past compensation paid.

however, the Bureau of Workers' Compensation (Bureau's preferred) method, for which it provides a form entitled "Third Party Settlement Agreement," under which the Bureau calls for computing the grace period by division of the Balance of Recovery (as previously noted, the total third party recovery, less total workmen's compensation lien) by the weekly compensation rate ($199.00 in this case).[4] Using this latter method, preferred in *Dasconio*, but not useable there, requires the Employer or its insurer to reimburse Claimant each week of the grace period the pro rata recovery cost to Claimant of that week's credit, here 36.47% of the Balance of Recovery, or 36.47% of each weekly compensation obligation of $199.00, or $72.57 per week reimbursed to Claimant.

Under this method, the "Gross Method,"[5] the following computation would yield the correct results:

BUREAU FORM

| | | |
|---|---|---|
| Total Third Party Recovery | $165,000 | |
| Less Total Lien (Past compensation paid) | − 45,000 | |
| Balance of Recovery | $120,000 | |
| PRESENT DISTRIBUTION | | |
| EXPENSES (to Attorney) | | $ 60,176 |
| TOTAL LIEN | 45,000 | |
| Less Share of Expenses 36.47% | − 16.511 | |
| NET LIEN TO EMPLOYER/INSURER (*But satisfied by $15,000) | | 28,589* |
| CLAIMANT | | |
| Balance of Recovery | $120,000 | |
| Less 36.47% share of Expenses | − 43.764 | |
| | | 76,236 |
| TOTAL | | $165,001 |

Balance of Recovery is fund for future credit, subject to reimbursing Claimant for expenses of that recovery:

$$\frac{\$\,60{,}176 \text{ expenses}}{\$165{,}000 \text{ recovery}} = .3647$$

Hence, expenses were 36.47% of recovery.

4. A copy of the Bureau's Third Party Settlement Agreement, Form LIBC–380, REV 7–88, filled out to express our conclusions herein, will be found attached to this opinion.

5. The method used by the referee, we think properly.

$120,000 divided by $199 weekly benefit amount = 603 weeks (credit or grace period), but each week Employer/Insurer must reimburse Claimant 36.47% of $199 or $72.57 per week for the expenses of obtaining the credit.

---

Accordingly, we will affirm the referee's conclusion that weekly reimbursement be paid to Claimant by Employer/Insurer at the rate of $72.57 for each week that compensation is payable, with credit to Employer/Insurer at the rate of $126.43 for each such week, until the latter credits have exhausted the subrogation fund.[6] However, we will reverse as to the extent of credit allocated by the referee to Employer/Insurer out of the subrogation fund, insofar as it is inconsistent with the computation and allocation above.

We come now to the supersedeas issue and Insurer's contention that it should be permitted to recover from the Supersedeas Fund the sum of $126.44 per week during the period from August 25, 1981 to November 7, 1985, inclusive. We have previously dealt with this question of whether the Supersedeas Fund should be required to reimburse an employer or its insurer for the amount paid after denial of a supersedeas request rather than recoup such payments out of the tortfeasor settlement. In *Department of Labor & Industry v. Workmen's Compensation Appeal Board (Commercial Union Insurance Company)*, 97 Pa.Commonwealth Ct. 520, 527, 510 A.2d 373, 376 (1986), we ruled that reimbursement must come from the subrogation fund rather than from the Supersedeas Fund, stating:

Very simply, as we read this provision, the requirement that it be 'determined that [the] compensation was not, in fact, payable' does not authorize invasion of the Fund by agreement of the parties, excluding the Fund, much less would it authorize the transfer, as here, of the Insurer's subrogation claim against the third party tortfeasor to one against the Fund.

6. We note that this grace period could be shortened by credits due to Insurer's increased payments for medical or other proper payments required under the Act. But see attached Bureau form under which Claimant gets now $76,236 and Employer/Insurer credits of $43,760.

Were we to allow recovery from the Supersedeas Fund for an amount which is subject to credit out of the subrogation fund, it could lead to double compensability and this could lead to double reimbursement to the Insurer, which we cannot believe was intended by the Legislature.

As we have established, there are only reimbursement payments required of CNA during the grace period and, as noted, that period is subject to change. It can be shortened, as pointed out above, Footnote 6, and it can be changed to commence after the period from August 25, 1981 to November 7, 1985. This should work no great hardship on Insurer, CNA, since it appears that Claimant is totally and permanently disabled.

Accordingly, the Board's order affirming the referee's denial of the Insurer's Supersedeas Fund Reimbursement Application is affirmed, but the grace period and allocation of credits to the Employer/Insurer as computed by the referee and affirmed by the Board is reversed insofar as it is inconsistent with the foregoing opinion.

## ORDER

NOW, August 21, 1990, the order of the Workmen's Compensation Appeal Board as of No. A–94099, dated July 15, 1989, affirming the referee's denial of the Insurer's Supersedeas Fund Reimbursement Application is hereby affirmed, but the grace period and allocation of credits to the Employer/Insurer as computed by the referee and affirmed by the Board is reversed insofar as it is inconsistent with the foregoing opinion, and the said grace period and credits to begin as of November 7, 1985.

# APPENDIX

LIBC 380 REV 7-88
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
3607 DERRY STREET
HARRISBURG, PA 17111

**THIRD PARTY SETTLEMENT**

**AGREEMENT**

(Section 319 of Pennsylvania Workmen's Compensation Act)

CLAIMANT ___Domenico Romeo___        SOCIAL SECURITY NO. _____

DATE OF INJURY _____

EMPLOYER ___Vare Brothers___        FILE NO. _____

W. C. CARRIER ___CNA Insurance___        FILE NO. _____

IN ACCORDANCE WITH SECTION 319 OF THE PENNSYLVANIA WORKMEN'S COMPENSATION ACT, PARTIES HERE-
IN HAVE AGREED TO THE FOLLOWING DISTRIBUTION OF PROCEEDS RECEIVED FROM _____
_____, THIRD PARTY:

TOTAL AMOUNT OF THIRD PARTY RECOVERY . . . . . . . . $ ___165,000.00___
LESS TOTAL WORKERS' COMPENSATION LIEN . . . ___45,000.00___
BALANCE OF RECOVERY . . . . . . . . . . . . . . . . . . . . . . . . $ ___120,000.00___

BALANCE OF RECOVERY shall constitute fund for credit against future workers' compensation payable, subject to reim-
bursement to Claimant of expenses of recovery at the rate of ___36.47___% on credit used. (60,176.33 ÷ 165,000 =
.364705)

### DISTRIBUTION OF PROCEEDS

EXPENSES OF RECOVERY

Attorney Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Other Expenses (if any) . . . . . . . . . . . . . . . . . . . . . . . . . . . _____

Total Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___60,176.33___

WORKERS' COMPENSATION LIEN

Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Medical . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____

Total Lien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___45,000.00___

Less Pro Rata Share of Expenses of Recovery . . . . . . . . . . . . ___16,411.73___

Net Recovery of Workers' Compensation Lien . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___28,588.27*___

CLAIMANT

Balance of Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___120,000.00___

Less Pro Rata Share of Expenses of Recovery . . . . . . . . . . . . . . . ___43,764.60___

Net Recovery to Claimant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___76,235.40___

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ___165,000.00___

* $28,588.27 due Employer/Insurer, but settled for $15,000.00

_____        _____
CLAIMANT'S SIGNATURE        WORKERS' COMPENSATION CARRIER (OR EMPLOYER)

_____        by _____
CLAIMANT'S ATTORNEY        _____

DATE OF AGREEMENT _____