606 A.2d 1259

**USX CORPORATION, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL
BOARD (BACKOS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1992.
Decided April 3, 1992.

William J. McKim, for petitioner.

Amiel B. Caramanna, Jr., for respondent.

Before CRAIG, President Judge, McGINLEY (P.), FRIEDMAN, JJ.

CRAIG, President Judge.

USX Corporation appeals a decision of the Workmen's Compensation Appeal Board affirming a decision of a referee concerning subrogation rights of USX to a third-party settlement secured by Mildred Backos, widow of claimant Rudolph Backos. We affirm in part and reverse in part.

The issues in this case are whether the referee and board (1) properly calculated USX's grace period, (2) erred in ordering USX to pay its proportionate share of costs to the claimant's widow over the grace period, (3) erred in ordering USX to continue to pay to claimant's widow attorney's fees owed to claimant's counsel for securing the claimant's original workmen's compensation award during the grace period, and (4) if the referee and board incorrectly ordered USX to pay its proportion of costs during the grace period, whether USX may recover those funds through a further grace period rather than by application to the supersedeas fund.

The referee found the following facts. The referee awarded to the claimant workmen's compensation benefits in the amount of $253.38 a week, beginning October 6, 1983, because the claimant contracted asbestosis as a result of his exposure to asbestos while working for USX. The referee also ordered attorney's fees of 20% of the compensation benefits, which amounted to $50.68 a week to be deducted from the weekly payments, for the claimant's counsel. After the claimant's death, the weekly compensation payments went to his widow. On July 31, 1985, the claimant's widow filed a civil action asserting wrongful death against the manufacturers and suppliers of asbestos products. The claimant's widow won a third-party recovery against the asbestos manufacturers in the amount of $103,500. Attorney's fees and other costs associated with the litigation amounted to $39,535.90.

On May 12, 1989, USX filed a petition to modify benefits to enforce its subrogation rights against the third-party settlement pursuant to § 319 of The Pennsylvania Workmen's Compensation Act.[1] USX and the claimant's widow

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671. Section 319 states, in relevant part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attor-

did *not* enter into an agreement settling USX's accrued lien from compensation previously paid.

On May 3, 1990, the referee issued his decision. The referee found the following figures, which are not in dispute:

Weekly compensation (w)    $    253.38
Accrued compensation lien (P)$100,817.60
Gross third-party recovery (R)$103,500.00
Total costs of that recovery (c)$ 39,535.90
Net recovery (R-c)      $ 63,964.10

To calculate USX's subrogation entitlement by way of a future grace period, the referee first calculated USX's pro-rata share of the legal costs attributable to obtain all the recovery from the third party. The referee found this by dividing the accrued lien by the amount of the gross recovery:

$$\frac{\$100{,}817.60}{\$103{,}500.00} = .974 \text{ or } 97.4\%$$

Next, the referee applied USX's pro-rata share percentage to the total amount of costs claimant incurred in securing the third-party recovery and derived USX's share of the costs:

$$.974 \times \$39{,}535.90 = \$38{,}507.97$$

Then, the referee calculated the net accrued lien by subtracting USX's pro rata share of costs from the accrued lien:

$$\$100{,}817.60 - \$38{,}507.97 = \$62{,}309.63$$

The referee then divided the net accrued lien by the weekly compensation and found USX's grace period:

$$\frac{\$62{,}309.63}{\$253.38} = 246 \text{ weeks}$$

ney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay the proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement....

Although that calculation clearly had accounted for USX's share of the legal costs of recovering the amount of the accrued lien, the referee *in addition* directed USX to pay to the claimant $88.68 a week during the grace period for *reimbursement of the same legal costs.* The referee also ordered USX to continue paying to the claimant's widow $50.68 a week for attorney's fees payable to widow's attorney for securing claimant's award of compensation.

On June 26, 1989, USX filed a petition seeking a supersedeas, which the referee denied. On June 20, 1990, USX again applied for supersedeas, which the referee denied pending USX's appeal to the board. The board affirmed the referee's decision on July 25, 1991, and denied USX's request for supersedeas on August 20, 1991. USX then appealed to this court, and filed a petition for supersedeas with this court. On October 18, 1991, this court granted USX a supersedeas with respect to the referee's ordered $88.68 a week payment for costs, but denied supersedeas as to the $50.68 a week payment for compensation attorney's fees.

USX now appeals to this court seeking to overturn the decision of the referee and board. Specifically, USX objects to the referee's decision ordering USX to make weekly payments as to USX's share of attorney's fees and costs for claimant's third-party recovery, during the grace period computed on the basis of the net recovery, and also objects to making weekly cash payments for the widow's attorney's fees relating to the original worker's compensation award.

### Whether The Referee and Board Correctly Calculated USX's Grace Period

■ Because the claimant's widow in this case did not settle the past accrued lien with USX, USX is entitled to realize its subrogation rights by means of a grace period as to future compensation. *Baus v. Workmen's Compensation Appeal Board (Nelson Co.),* 137 Pa.Commonwealth Ct. 121, 585 A.2d 573 (1991).

There are two methods for calculating the grace period: the net formula, as set forth in *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas)*, 506 Pa. 592, 487 A.2d 794 (1985) or the gross formula reflected in the forms of the Bureau of Workers' Compensation, but not used in this case by the referee or board.

The gross formula calculates the grace period by dividing the gross amount of the third-party recovery by the weekly award and then ordering the employer or insurer to reimburse claimant for its share of the costs with weekly payments made throughout the grace period.

The net formula used in *Warner Lambert Co. v. Workmen's Compensation Appeal Board (Brown)*, 133 Pa.Commonwealth Ct. 250, 575 A.2d 956 (1990), and in *Baus*, first deducts the costs in obtaining the third-party recovery from the gross award and then divides that net amount by the weekly compensation, which results in a shorter grace period.

Because USX here has not preserved the right to pursue use of the gross method, we must review the application of the net method which the referee and board attempted to use in calculating the grace period.

### The Referee and Board's Decision Ordering USX to Pay its Proportion of Attorney's Fees Over the Grace Period

In the present case, the referee and the board calculated USX's grace period by deducting legal costs from the gross recovery, but then also ordered USX to pay to claimant its proportionate share of costs over the grace period, thus charging USX twice with the same share of costs.

In *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.)*, 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989), this court stated that, when the grace period is computed on the basis of a net figure, the employer receives a *shorter* grace period but has *no* obligation to

reimburse the claimant for legal expenses attributable to the third-party recovery.

In *Baus,* the claimant appealed a board decision which had calculated his grace period using a net recovery method. The claimant appealed to this court and protested the decision of the referee and board not to order the insurance carrier to pay the claimant its proportion of attorney's fees over the grace period. This court upheld the refusal of the referee and board to order the employer to pay its proportionate share of third-party recovery costs over the grace period and stated that "[c]laimant's attempt to subject the *net* recovery ... to a further deduction, by requiring the employer to pay claimant a weekly amount for costs, proportionately attributable to the future credit amount, is a bald attempt to recover at least part of those costs twice." *Id.,* 137 Pa.Commonwealth Ct. at 129, 585 A.2d at 576 (emphasis in original).

Because the referee and board calculated USX's grace period by using the net formula, the referee and board erred in ordering USX to pay the claimant $88.68 per week for legal costs over the grace period as well.

### Legal Fees From Previous Workmen's Compensation Benefits

USX also argues that the referee and board erred in ordering USX to continue to pay to claimant's widow the $50.68 per week for attorney's fees as part of the compensation secured from USX. USX argues that because workers' compensation benefits are suspended during the grace period, the attorney's fees should also be suspended.

■ The claimant's widow argues that in *Rollins* our Supreme Court stated that legal fees from an award of benefits are separate from a third-party recovery and therefore cannot cease during a grace period.

In *Rollins,* the claimant suffered a work-related injury and began receiving $52.50 per week. Later, the claimant settled with a third-party tortfeasor for the sum of $67,000. On the date of the claimant's third-party settlement, the

employer's accrued lien amounted to $27,003.53. Two years after the third-party settlement, during the grace period, the employer filed a petition seeking termination of benefits, against which the claimant successfully defended. The referee awarded the claimant's attorney in the termination proceeding 20% of the amount of the recovery, or 20% of $52.50, the amount of compensation restored by the claimant's defeat of the termination petition.

The employer in *Rollins* refused to pay claimant's compensation attorney fees because, it argued, all payments cease during the grace period. The Supreme Court rejected the employer's argument and upheld the referee's decision awarding the claimant's counsel 20% of the disability benefit amount to be paid during the grace period. The Supreme Court stated that the award of compensation attorney's fees was entirely separate from the third-party settlement.

We agree with the argument that the third-party settlement is separate from the award of workmen's compensation, and that the payment for compensation legal fees must continue during the grace period.

■ However, the weekly rate used to compute the grace period must be reduced by the amount of the compensation attorney's fees because USX is entitled to a longer grace period if it is continuing to pay in cash that proportion of the weekly benefits which is deductible from the claimant's benefits to pay for the compensation attorney. As stated previously, when the grace period is calculated by using a gross formula, the employer is entitled to a longer grace period because employer is reimbursing the claimant with employer's weekly share of the third-party recovery costs. If the employer does not reimburse the claimant for its share of those costs, the employer receives a shorter grace period.

Thus, because USX has been ordered to continue paying the claimant's widow, in cash, the amount of compensation attorney's fees awarded to that attorney out of the weekly

benefit payments, we must take $253.38 (total weekly compensation amount awarded) and subtract $50.68 (portion being paid in cash to compensation attorney on behalf of claimant) to find $202.70 as the weekly amount to be credited to the employer to determine the number of weeks in the grace period.

The results are as follows:

| | |
|---|---|
| Gross Recovery (R) | $103,500.00 |
| —Less costs (c) | $ 39,535.90 |
| =Net recovery (R-c) | $ 63,964.10 |
| Divided by weekly compensation | $   202.70 |
| = Grace period | 315.6 weeks |

## Recoupment Of USX's Referee–Ordered Payments to Claimant

██ On May 3, 1990, the referee issued the decision ordering USX to pay in cash to claimant's widow USX's share of costs in the widow's third-party recovery and also the attorney's fees stemming from claimant's original workmen's compensation award. USX argues that in lieu of applying to the supersedeas fund for reimbursement, this court should grant a further grace period to USX until those payments are recouped by USX.

This court is not obligated to negate the order of the compensation authorities that USX must continue to make cash payment in the amount of the compensation attorney's fees.

As stated above, the fundamental error of the referee and board lay in ordering USX also to make cash payments to claimant's widow for USX's proportionate share of legal costs of the third-party recovery, because the grace period was shortened by the net method to account for those costs. However, USX argues that it should be granted a further grace period to reimburse it for those erroneously ordered third-party costs from May 3, 1990 to the effective date of our order granting a supersedeas. USX cites *CNA Insurance Co. v. Workmen's Compensation Appeal Board (Ro-*

*meo)*, 134 Pa.Commonwealth Ct. 478, 578 A.2d 1375 (1990), for the proposition that in the context of subrogation, reimbursement should come from the subrogation fund rather than the supersedeas fund.

In *CNA*, the claimant suffered a work-related injury on January 26, 1977, for which CNA paid claimant $199.00 per week. On August 25, 1981, claimant settled with a third-party tortfeasor for $165,000. On April 15, 1982, CNA filed a petition to modify seeking credit out of the claimant's third-party award. CNA requested a supersedeas at the referee's hearing, which the referee denied on December 21, 1982. On October, 24, 1985, the referee issued his decision awarding a grace period to CNA. CNA then sought to recover, through the supersedeas fund, its weekly payments paid to claimant from 1981 to 1985.

This court concluded that reimbursement must come from subrogation, rather than from the supersedeas fund. The court stated: "Were we to allow recovery from the Supersedeas Fund for an amount which is subject to credit out of the subrogation fund, it could lead to double compensability ..." *CNA*, 134 Pa.Commonwealth Ct. at 486, 578 A.2d at 1379.

The referee in *CNA* ordered the grace period to begin on August 25, 1981, the date of the third-party settlement. This court, seeking to award recoupment from the subrogation fund, ordered the grace period to run from November 7, 1985, the date of CNA's last payment to the claimant.

The facts in this case are different in that USX is not seeking to recoup the entire weekly compensation rate; it seeks recoupment of a portion of that rate, the $88.78 ordered by the referee and paid to claimant's widow by USX from May 3, 1990, until October 18, 1991, the date on which this court's supersedeas took effect as to that amount.

Thus, to calculate an extension of the grace period that recoups USX's payments to claimant's widow, we must divide the total amount of USX's partial payments by the weekly compensation rate. USX paid to claimant's widow

$88.78 from May 3, 1990 to October 18, 1991, a total of 534 days or 76.3 weeks. USX's total cash payments amounted to $6766.28 (76.3 × $88.68). Next, we must divide that amount by the net weekly compensation rate (computed above after deduction of the compensation attorney's fee percentage) to determine the additional weeks of grace period USX is owed:

$$\frac{\$6766.28}{\$202.70} = 33.4 \text{ weeks, for a total grace period of 349}$$

weeks (33.4 + 315.6).

Accordingly, the decision of the referee and board ordering USX to pay the claimant's widow $50.68 for the claimant's legal fees from his original worker's compensation award is affirmed; however, the board's decision regarding the grace period and USX's payment of its proportion of costs in claimant's third-party recovery is reversed. As stated above, USX's grace period is 349 weeks, without weekly cash payment for USX's share of the legal costs of the widow's third-party recovery.

### ORDER

NOW, April 3, 1992, the decision of the Workmen's Compensation Appeal Board, No. A90–1222, dated July 25, 1991, is affirmed in part and reversed in part. USX's grace period beginning May 3, 1990, shall be 349 weeks. During that grace period, USX shall *not* be required to pay to claimant's widow additional cash in the amount of $88.68 per week as relating to third-party recovery costs. However, USX shall pay claimant's widow $50.68 per week for compensation attorney's fees because the grace period has been extended by dividing the net recovery by the smaller weekly compensation remainder found by deducting the compensation attorney's fees from the original weekly compensation amount. USX is entitled to recoup its $88.68 per week payments made from May 3, 1990, until October 18, 1991, in the form of additional grace period weeks, which have been included in the above total grace period.