587 A.2d 852

**WHEELING–PITTSBURGH STEEL CORPORATION
and Federal Insurance Company, Petitioners,**

*v.*

**WORKMEN'S COMPENSATION APPEAL BOARD
(ROBERT McFADDEN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 1990.

Decided Feb. 27, 1991.

Joseph A. Fricker, Jr., Pittsburgh, for petitioners.

No appearance for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

Wheeling–Pittsburgh Steel Corporation (employer) appeals a decision of the Workmen's Compensation Appeal Board that affirmed a decision of a referee, in which the referee (1) concluded that Robert McFadden (claimant) suffered a work-related injury entitling him to benefits for total disability and the specific loss of the use of his left hand, and (2) determined the employer's subrogation rights to a third-party settlement which the claimant obtained for his injury. We reverse and remand.

The sole issue in this case is whether the referee erred in his determination of the employer's subrogation rights.

The referee's relevant factual findings are as follows. On March 30, 1981, the claimant sustained a work-related injury to his left hand, which the referee found to be a specific loss, and, separate and apart from that injury, the claimant sustained an injury to his elbow, shoulder and back. The claimant was entitled to compensation in the amount of $262.00 per week beginning on the date of his injury. The claimant's injuries, except the specific loss of the use of his left hand, resolved by January 26, 1987, the date he returned to work with the employer in a different position, but at the same wage he earned before he sustained his injuries.

The claimant obtained a third-party award from the manufacturer of the equipment that was involved in the accident that caused his work-related injury. At about the same time that the claimant obtained the third-party award, he and the employer entered into a Supplemental Agreement that altered the terms of the third-party settlement with regard to the provisions for distribution of the settlement fund. The referee found that agreement to be null and void. The employer continued to pay compensation through February 7, 1985.

The referee determined that the employer was entitled to a subrogation lien in the amount of the compensation it had paid the claimant from the date he began to receive compen-

sation through May 14, 1984, and that the employer was entitled to a future credit for compensation payable to the extent that the third-party award exceeded the amount of compensation payable after May 14, 1984. The referee indicated that he applied the subrogation formula used by the Supreme Court in *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board,* 506 Pa. 592, 487 A.2d 794 (1985).

The relevant dates and amounts in this case are listed below:

| | |
|---|---|
| March 30, 1981 | Date of injury; Employer begins to pay disability at a rate of $262.00 per week. |
| May 18, 1984 | Parties enter Supplemental Agreement that the referee determined is void. |
| February 7, 1985 | Employer stops making disability payments, which total: |

$42,706  March 1981—May 1984
+ 10,074  May 1984—Feb. 1985
52,780
+ 4,605  medical expenses
$57,380  Total payments

January 26, 1987    Claimant's return to work ends actual disability, but claimant is entitled to 335 weeks for specific loss, less $26\frac{2}{7}$ weeks credit on same (the parties do not contest this credit) which equals $308\frac{5}{7}$ weeks of benefits for specific loss.[1]

---

[1] When a claimant sustains a specific loss "separate and apart" from an injury that results in total disability, benefits for the specific loss follow the benefit period for the temporary total disability. Section 306(d) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513.

Before addressing the specific errors of the referee's calculations, we will set out our conclusion as to the proper method of calculating the employer's subrogation rights.

The claimant recovered $125,000.00 in his third-party action, and the cost of obtaining that settlement totalled $45,625.00. The claimant has not paid, and apparently will not pay, any money to the employer for the past lien of $57,380.00, the total amount the employer paid through February 1985.

Because the claimant has not reimbursed the employer for the past lien, we must recognize and apply that past lien

to calculation of the number of weeks with which to credit the employer by way of a grace period from the obligation to make weekly payments. The proper formula we must use to determine the employer's credit is as follows:

$$\frac{R \text{ (Recovery)} \quad C \text{ (Legal Costs)}}{W \text{ (Weekly Compensation)}}$$

$$\frac{\$125,000. \quad - \quad \$45,625}{\$262.00} = 302.95 \text{ weeks grace period}$$

---

This is the net formula of *Rollins*, rather than the gross formula, *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.)*, 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989), because, as in *Dasconio*, the parties have not sought to apply the gross recovery to the grace period with a concomitant obligation of the employer to reimburse the claimant for legal costs by a weekly cash payment.

Because the claimant did not return to work until January 27, 1987, he was entitled to compensation benefits for his disability from February 7, 1985, the last date the employer paid the claimant, until he returned to work, a total of approximately 102 weeks. After the claimant returned to work, he was then entitled to an additional $308\frac{5}{7}$ weeks of compensation for his specific loss (the statutory period of 335 weeks minus the credit of $26\frac{2}{7}$ weeks equals $308\frac{5}{7}$ weeks). Therefore, the total compensation period to which the claimant is entitled, beginning February 7, 1985, is approximately $410\frac{5}{7}$ weeks. Thus, the claimant's compensation period would expire in December 1992.

However, the claimant's entitlement must be offset by the employer's grace period of 302.95 weeks. To determine the date upon which the employer must commence compensation payments again, and the period for which the employer must pay the claimant, we calculate the employer's credit period, 302.95 weeks, from the last date the employer paid compensation, February 7, 1985. Thus, the employer's credit would terminate in November 1990. The employer then would be required to pay compensation for a period of

approximately 108 weeks (410⁵/₇ weeks minus 302.95 weeks), or through December 1992.

The referee purported to apply the formula described in *Rollins*, R–C–p/w = g, as follows:

$125,000.00 – $45,625.00 – $42,706.00/$262.00
= a grace period of 139.95 weeks.

---

The amount of $42,706.00 was the referee's figure for the accrued lien for past payments of compensation. However, as noted in our discussion above, the accrued lien should not be deducted in the calculation because the claimant has not reimbursed the employer for any part of the past compensation paid.

Also, despite the fact that the referee already deducted legal costs in his application of the *Rollins* formula, he determined that the claimant was entitled to a further reimbursement of 34.14% of the legal costs incurred; thus, the referee directed the employer to pay the claimant $262.00 per week beginning October 17, 1987, and to pay the claimant $9.46 per week for the same period to reflect the difference owed the employee after subtracting the employer's subrogation lien from the employee's entitlement to reimbursement for the cost of recovery.

Hence, although the referee correctly recognized that he should subtract from the gross recovery the costs the claimant incurred in obtaining the settlement, he subjected the net amount (R–C) to an additional deduction of attorney's fees and costs. The referee's double deduction of legal costs misapplies the formulas accepted by Pennsylvania courts for the determination of an employer's subrogation rights.

Accordingly, the decision of the board is reversed, and the case is remanded for establishment of the employer's future credit in accordance with the calculations in this opinion.

## ORDER

Now, February 27, 1991, the decision of the Workmen's Compensation Appeal Board, dated January 10, 1990, at A–

96282, is reversed and remanded for establishment of the employer's future credit in accordance with the calculations in this opinion.

Jurisdiction relinquished.