615 A.2d 878

**Robert COX, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (OTIS ELEVATOR, DIVISION OF UNITED TECHNOLOGIES, and Liberty Mutual Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Aug. 25, 1992.

Reargument Denied Oct. 20, 1992.

206

David J. Watson, for petitioner.

Terry L.M. Bashline, for respondent, Otis Elevator.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Claimant Robert Cox appeals an order of the Pennsylvania Workmen's Compensation Appeal Board that affirmed a referee's decision that granted the petition of Otis Elevator (employer), through which the employer sought to recover money the claimant received in a third-party action, based on the employer's asserted subrogation rights, under section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

The issues the claimant raises in this appeal are: (1) whether the referee had jurisdiction to order claimant's counsel in the third-party action to turn over a portion of the third-party award to a workmen's compensation insurer in satisfaction of an allegedly disputed subrogation lien; (2) whether delay damages and post-verdict interest should be excluded from the total amount of a claimant's recovery in a third-party action for the purposes of determining a worker's compensation insurance carrier's subrogation lien; and (3) whether a subrogation lien should be reduced to reflect the percentage of contributory negligence a jury attributes to the claimant in the third-party action.

1. Does a referee have the authority to order an out-of-pocket lump sum payment from a third-party settlement or jury award?

Initially, we address the claimant's argument that the Act does not authorize referees to order reimbursement to employers from third-party awards. Section 413 of the Act, 77 P.S. § 771, does give referees the power to "review and

modify or set aside a notice of compensation payable." That language vests referees with the power to modify the terms of worker's compensation obligations to reflect third-party settlements or jury awards.

As the employer points out, in *Ward v. Workmen's Compensation Appeal Board (Sun Refining and Marketing Co.)*, 143 Pa.Commonwealth Ct. 319, 599 A.2d 1013 (1991), this court held that referees may order claimants to make out-of-pocket lump sum payments to an employer or insurer.

The case upon which the claimant relies, *Wheeling–Pittsburgh Steel v. Worker's Compensation Appeal Board (McFadden)*, 138 Pa.Commonwealth Ct. 204, 587 A.2d 852 (1991) is distinguishable. *McFadden* involved a claimant who had obtained a third-party award; however, when the employer sought to assert its rights under the Act, no cash from the settlement was available for the past lien, so that the court had to resort to reimbursing the employer by granting a grace period, rather than ordering a lump-sum payment to the employer.

2. Did the referee err by including delay damages and post-verdict interest in calculating the sum from the third-party action to which the employer is entitled?

■ The claimant argues that the referee erred by including delay damages and post-verdict interest in calculating the amount the claimant must reimburse the employer. The claimant asserts that the policy reason for allowing awards of interest in negligence actions is to encourage early and reasonable settlement offers and to permit interest to accrue during unsuccessful post-verdict appeals, and that authorizing the inclusion of interest in the subrogation amount defeats that purpose.

First, subjection of the interest and delay damage amounts to subrogation obviously does not impair their effectiveness to spur promptness by the third party. The claimant argues that the board's decision is not fair because Liberty Mutual is both the worker's compensation insurer for the employer and the insurer of the third party, Turner Construction Company,

and that the board's decision allows the insurer in the third-party action to recover the interest it paid in that action through this subrogation claim. The coincidence in this case, that of the employer and third-party having the same insurer, does not change the principle.

Moreover, section 319 of the Act states that the employer is subrogated "to the right" of the claimant "against the third party," and interest and delay damages are part of that right. As the board points out, there is no reason why an employer, who has paid compensation for the period before the claimant obtained the third-party award, should not also be compensated for the time the claimant has had the use of the employer's compensation payments. Section 319 of the Act broadly refers to an employer's subrogation rights to "any recovery," and this court's conclusion is that the phrase encompasses delay damages and interest.

3. Did the referee err by not deducting thirty-five percent of the award to reflect the jury's conclusion that the claimant was contributorily negligent and the resulting deduction in the claimant's jury award?

The claimant argues that the referee should have deducted an *additional* thirty-five percent from the amount subject to subrogation, to reflect the jury's conclusion that he was contributorily negligent. This is a curious contention—that the claimant's own negligence should permit him to withhold part of the reimbursement for the compensation he has received.

The relevant findings of the referee are as follows:

3. The Common Pleas Court jury awarded a total of $154,000.00 with $10,000.00 of this awarded to wife Gloria. They then concluded that because of the claimant's 35% contributory negligence that the dollar award would be 65% of the $154,000 or $100,100. Then to this for delayed damages under Rule 238 they awarded $19,519.50 making the total verdict $119.619.50

5. With additional interest added to the original award the defendant's [in the third-party action] have in August of

1989 paid to the claimants and their attorneys a total of $144,778.58.

13. Now for the purpose of considering the total amount from which the defendant may secure subrogation, the following is found: Claimant and his wife received a total of $144,778.58. This we reduce by 40%, attorneys fees, and arrive at a figure of $86,866.55. Then this is reduced by costs of $7,872.91 which comes out at $78,993.64.

14. Now it is considered that of the total award ($154,-000.00), the original $10,000.00 allocated to Mrs. Cox would be 6.494%. This amount is not subject to a subrogation lien. Therefore, we reduce the $87,993.64 by 6.949% leaving a final figure for subrogation of $73,863.79.

Finding of Fact No. 3 clearly shows that the jury deducted the thirty-five percent from the $154,000.00, which made the claimant's award $100,100.00, before delay damages and interest. The referee correctly made his subrogation calculations based on the amount actually received by the claimant, not upon the initial theoretical award of $154,000.00. For the referee to have made a *second* deduction of thirty-five percent would have made no sense.

Accordingly, the decision of the board is affirmed.

## ORDER

NOW, August 25, 1992, the decision of the Pennsylvania Workmen's Compensation Appeal Board, dated December 27, 1991, at No. A91–1251, is affirmed.