576 A.2d 1190

**James B. PEEPLES, deceased, Polly Peeples, widow, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (FOSTER WHEELER ENERGY CORP. and Liberty Mutual Fire Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 30, 1990.

Decided June 25, 1990.

David W. Costello, with him, Clark A. Mitchell, Mitchell & Mitchell, Washington, for petitioner.

James A. Bosakowski, Philadelphia, with him, Terry L.M. Bashline, Baginski & Bashline, Pittsburg, for respondents.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Polly Peeples (Petitioner), widow of James B. Peeples, appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's determination that Foster Wheeler Energy Corporation (Employer) is entitled to a subrogation interest in a third party claim awarded to the Petitioner. The Board, while affirming the decision, modified the calculation of the credited number of weeks grace period found by the referee. We affirm the order of the Board including the modification.

It is undisputed that Mr. Peeples died on August 19, 1980 from mesothelioma, a rare form of cancer, caused by being exposed to asbestos while employed as a boilermaker for the Employer. The Petitioner filed a Fatal Claim Petition and began receiving compensation at the rate of $213 per week beginning August 19, 1980. It is also undisputed that Mrs. Peeples recovered a series of partial settlements through third party litigation totaling approximately $209,-543.00 and that other litigation against other bankrupt manufacturers was still pending. The Employer filed its Petition for Modification asserting a lien against the third party settlements on January 29, 1987 and the issue is whether the Employer waived its right to subrogation due to untimely filing of its claim.

An employer who pays compensation is subrogated to the right of the employee against a third party tort-feasor under Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, which provides:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ...

against such third party to the extent of the compensation payable under this article by the employer.... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe ... and shall be treated as an advance payment by the employer on account of any future installments of compensation.

Thus, the compensation paid by an employer to the date of the third-party recovery constitutes a claim against the recovery, payable immediately upon recovery to that employer. Any recovery in excess of the compensation paid to the date of the recovery constitutes an advance of future compensation. The Supreme Court in *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 554 A.2d 485 (1989), held that the right of subrogation afforded to the employer by Section 319 is absolute. However, although the language of the statute is mandatory, the courts of Pennsylvania continue to recognize the equitable origin of this right and apply equitable principles where harm to those affected by the subrogation would occur due to the failure of the subrogor to "do equity." *Winfree.*

■ In the case before us, the Petitioner argues that the Employer's right to subrogation is waived because three or four years have passed since the third-party recovery. However, Section 319 provides no limitation for filing a subrogation claim. Furthermore, the referee correctly concluded as a matter of law that the equitable doctrine of laches was not applicable here. First, there was no evidence that the Employer knew of the third-party settlement before January 29, 1987 when it filed its Petition for Modification, and second, there is no evidence that the Petitioner is prevented from asserting any defense because of the passage of time. The referee was correct when he stated that "equitable considerations in this case do not outweigh the plain wording of the statute which gives the employer an unqualified right to subrogation." *Kelly v. Workmen's Compensation Appeal Board (A–P–A Transport Corp.)*, 107 Pa. Commonwealth Ct. 223, 527 A.2d 1121 (1987).

Furthermore, in all of the settlement statements that the Petitioner signed, the following paragraph appears: "I further understand that I am receiving Workers' Compensation which represents a possible lien against any proceeds received from this third-party action and that this lien will have to be compromised."

■ Petitioner contends that the Board and referee erred because the means the Employer used to enforce its right to subrogation was by a Petition for Modification under Section 413 of the Act, 77 P.S. § 772. Section 413 provides the means for an employer to modify payments when a change of condition or circumstance of the claimant occurs. Although this was not the proper vehicle for a subrogation claim, nevertheless, the Board found that the referee did not err in allowing the use of a Modification Petition in this case because strictness of pleading is not required in workmen's compensation cases. Moreover, a petition presented under the wrong section will be deemed to have been presented under the applicable section. *Royal Factories, Inc. v. Garcia*, 17 Pa. Commonwealth Ct. 59, 330 A.2d 864 (1975); *see also Winfree.*

Finally, the Board modified the calculation of the subrogation credits equated in the number of weeks grace period due the Employer, that is, the number of weeks during which no payments of workmen's compensation would be due Petitioner because of a subrogation credit. The referee arrived at a figure of 645.8 weeks credit. The Board found that Employer is entitled to a credit of 988.4 weeks. The discrepancy in the number of weeks was due to the fact that the referee used a formula enunciated by the Supreme Court in *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 487 A.2d 794 (1985).

The *Rollins* formula is as follows:

$$\frac{R-c-p}{w} = g$$

R = gross recovery.
c = costs of recovery including attorney's fees and any other proper disbursements made to generate the gross recovery.
p = previously paid compensation.
w = weekly compensation payments.
g = grace period (in weeks).

In calculating the Employer's subrogation entitlement, the referee inserted the following values:

R = gross recovery = \$352,000.00.
c = cost of recovery = \$142,456.83.
p = previously paid compensation = \$71,993.00.
w = weekly compensation payments = \$213.00.

Inserting those figures, the referee determined that Employer is entitled to a subrogation credit, or grace period, of 645.8 weeks into the future.

$$\frac{R-c-p}{w} = g \qquad \frac{\$352,000.00 - \$142,456.83 - \$71,993.00}{\$213.00} = 645.8 \text{ weeks}$$

The Board found that the *"Rollins"* formula was to be used only when the "P—previously paid compensation" figure in the formula represents not only compensation paid to the claimant by the employer in the first instance, but compensation that has already been reimbursed to the employer by the claimant. In this case there was no such reimbursement and the "p" in the formula therefore did not apply. The formula, when no reimbursement has been made to the Employer, was correctly stated by the Board as follows:

$$\frac{R-c}{w} = g \text{ or } \frac{352,000. - 142,456.83}{\$213.00} = 988.4 \text{ weeks}$$

We affirm the order of the Board.

## ORDER

NOW, June 25, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

CRUMLISH, former President Judge, did not participate in the decision in this case.