599 A.2d 1013

**Dorothy WARD, Widow of decedent Edwin Ward, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SUN REFINING AND MARKETING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Oct. 30, 1991.

Reargument Denied Jan. 10, 1992.

Michael T. McGrath, for petitioner.

Martin J. Fallon, Jr., for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Dorothy Ward (Petitioner), widow of Edwin Ward, petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's determination that Sun Refining and Marketing Company (Employer) is entitled to a subrogation interest in a third party claim awarded to the Petitioner. We affirm the Board's order.

Edwin Ward died on July 29, 1983 as a result of malignant mesothelioma, caused by exposure to asbestos while employed by Employer. Prior to his death, Mr. Ward had become disabled and a notice of compensation payable was filed providing payment of total disability compensation at the rate of $284.00 per week beginning December 27, 1982. Following Mr. Ward's death an agreement for compensation

for death was filed and provided for payment of fatal benefits to Petitioner at the same rate beginning July 29, 1983 and continuing into the indefinite future.

On October 11, 1982, Mr. Ward and Petitioner filed product liability suits against suppliers of asbestos material provided to Employer. As a result of the third party law suits, Petitioner received a settlement of $675,770.00 minus attorney's fees of $224,431.45 and minus litigation costs of $6,105.98. These settlements with eight separate defendants occurred between 1983 and 1986. There is ample evidence that Employer was aware that these various law suits had been filed. Employer, however, was not informed that a third party recovery had been made until February 16, 1988.

On March 21, 1988, Employer filed a suspension modification petition seeking to modify benefits as a result of Petitioner's third party settlements. After several hearings the referee determined that Employer was entitled to receive reimbursement for the worker's compensation lien as of May 20, 1988 in the amount of $107,739.68. The Employer also was permitted to take credit on the gross recoveries received by the Petitioner on future compensation payments, but was ordered to continue payment for pro rata legal expenses and fees related to the third party actions. The Board affirmed and Petitioner appealed to our Court.[1]

Petitioner raises two issues for our review: 1) whether the subrogation rights of an employer paying workmen's compensation benefits is barred by the doctrine of laches where it is alleged that employer knew of the third party actions for more than five years; and 2) whether Section 319 of The Pennsylvania Workmen's Compensation Act (Act)[2] authorizes a referee to issue an order compelling an injured worker or his dependents to pay an out-of-pocket

[1]. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

[2]. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

lump sum payment to an employer or to employer's workmen's compensation insurance carrier.

It is well settled that an employer who pays compensation is subrogated to the right of the employee against a third party tortfeasor under Section 319 of the Act, *as amended*, 77 P.S. § 671, which provides in pertinent part that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer.... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe ... and shall be treated as an advance payment by the employer on account of any future installments of compensation.

In *Peeples v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp.)*, 133 Pa. Commonwealth Ct. 559, 576 A.2d 1190 (1990), a case involving an almost identical fact situation as the case *sub judice*, the issue was whether the employer waived its right to subrogation due to untimely filing of its claim. In *Peeples* the employee died on August 19, 1980, and his widow began receiving compensation as of that date. Subsequently, Mrs. Peeples recovered a series of partial settlements from third party litigation with other litigation still pending. Employer asserted its lien on January 29, 1987. Mrs. Peeples argued that the employer had waived its right to subrogation because three or four years had passed since the third party recovery. Our Court, in following the dictates of the Supreme Court in *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 554 A.2d 485 (1989), stated that the right of subrogation afforded to the employer by Section 319 is absolute. *Peeples.*

In *Helms Express v. Workmen's Compensation Appeal Board (Lemonds)*, 106 Pa. Commonwealth Ct. 287, 291, 525 A.2d 1269, 1271 (1987), we also noted that:

The right of subrogation is founded on principles of equity which seek (1) to prevent double recovery for the same injury by a claimant, (2) to ensure that the employer is not compelled to make compensation payments necessitated by the negligence of a third party, and (3) to prevent a third party tortfeasor from escaping liability for his negligence.

Just as in *Peeples*, Petitioner here argues that Employer knew of the third party suits for more than five years and yet took no action to assert a right of subrogation to any third party recovery. In *Peeples* there was no evidence that the employer knew of the third party settlement prior to the time it filed its Petition for Modification. The facts in the case *sub judice* show that although Employer knew that third party actions had been filed, it was not apprised of the settlements until February 16, 1988. Its Modification Petition was then filed on March 21, 1988, a little over a month after notification. The Referee's Finding of Fact No. 11 states:

11. The referee has reviewed all exhibits and testimony presented and finds that the defendant [Employer] although aware of the possibility of a third party settlement was not fully notified as to the details and the exact recoveries until February 16, 1988.

We note that Section 319 of the Act provides no limitation for filing a subrogation claim. Furthermore, based on the referee's finding quoted above concerning the date of notification, we conclude that under the facts of this case the doctrine of laches does not apply.

■ We now turn to the issue involving a referee's authorization to order Petitioner to pay an out-of-pocket lump sum payment to Employer. It is undisputed that Petitioner received recovery from the third party actions between 1983 and 1986. It is also undisputed that the workmen's compensation lien minus the pro rata share of attorney's fee and costs equals the amount of $107,739.68.

We recognize that "the compensation paid by the employer to the date of the third-party recovery constitutes a claim

against the recovery, payable *immediately* upon recovery to the employer." *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 596, 487 A.2d 794, 796 (1985) (emphasis added). Moreover, "[a]ny recovery in excess of the compensation paid to the date of the recovery constitutes an advance of future compensation payable." *Id.*, 506 Pa. at 596–97, 487 A.2d at 796.

In *Rollins* the employee argued that there was no difference to the employer if it received reimbursement immediately from the settlement proceeds for compensation already paid because it would ultimately be made whole by receiving a larger credit against future payments. The *Rollins* court indicated that this assertion "ignores the value to an employer of receipt of the entire subrogation amount in a lump sum at the earliest possible time." *Id.*, 506 Pa. at 599, 487 A.2d at 797.

In discussing the credit for future compensation, the *Rollins* court stated:

Appellants are entitled to subrogation in the entire amount. They are entitled to an *immediate* reimbursement for disability payments already made, and they are entitled to have the balance of the net recovery treated as an advance payment on account of any future installments of compensation....

*Id.*, 506 Pa. at 600, 487 A.2d at 798 (emphasis added).

We, therefore, place our reliance upon the language in Section 319 of the Act, coupled with the *Rollins* court's analysis, to provide a basis upon which we conclude that a referee is authorized to order an injured worker or his dependent to make an out-of-pocket lump sum payment to an employer or an insurance company. Accordingly, we affirm.

## ORDER

AND NOW, this 30th day of October, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.