645 A.2d 917

**Alfred DeVORE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Sun Oil Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 28, 1994.

Decided July 11, 1994.

616

John C. McFadden, for petitioner.

Charles S. Katz, Jr., for respondent.

Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.

CRAIG, President Judge.

The petitioner, Alfred DeVore, asks that we reverse the decision of the Worker's Compensation Appeal Board that affirms the decision of a referee to grant the petition of employer, Sun Oil Company, for modification and to deny DeVore's petition for penalties. The question before us is whether Sun Oil waived its right to subrogation, pursuant to § 319 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671 (the Act), as to DeVore's third-party settlements of asbestosis-related product liability claims by seeking subrogation only after the referee had awarded DeVore's worker's compensation claim, and several years after the time of Sun Oil's admitted awareness of DeVore's then-pending third-party claims.

We agree with the board that the equitable principle of laches does not apply in this case, and that the referee did not abuse discretion by denying DeVore's petition for penalties. This court therefore affirms the decision and order of the board.

The facts, as found by the referee, are not disputed. DeVore filed an occupational disease claim in 1983. On November 8, 1989, the referee granted DeVore's claim petition for total disability. In addition, the referee awarded DeVore medical costs and attorney's fees for Sun Oil's unreasonable contest of his claim. (The 1989 decision).

On November 14, 1989, Sun Oil responded to the 1989 decision in two ways. First, Sun Oil appealed the referee's decision to the board. The appeal was docketed at No. A89-2758 (the 1989 appeal). Second, Sun Oil requested information from DeVore concerning third-party settlements stemming from products liability suits brought by DeVore against various manufacturers.

The board, on December 1, 1989, denied Sun Oil's request for a supersedeas as to DeVore's total disability award, but granted Sun Oil a supersedeas as to the award of attorney's fees while the board considered the merits of the 1989 appeal. The board reached a final decision on the merits on July 7,

1993. The board affirmed the referee's award of total disability, but reversed the award of medical expenses and attorney's fees. The 1989 appeal and the board's corresponding decision at docket No. A89–2758 are not before us now.

DeVore answered Sun Oil's request for information on third-party settlements on December 12, 1989. DeVore informed Sun Oil that he had reached settlements with eight manufacturers. Six days later, on December 18, Sun Oil asked for financial details of DeVore's settlements which DeVore later provided. Then, on December 19, Sun Oil filed a petition to review the referee's 1989 decision so that Sun Oil could benefit from a subrogation lien imposed against DeVore's third-party recovery.

Sun Oil attempted to make partial payments to DeVore in January and February, 1990. Sun Oil paid DeVore 35.2% of his monthly benefit, which is the portion of DeVore's total award that is attributable to DeVore's legal expenses and not subject to subrogation.

However, DeVore refused such payments, and on April 5, filed a penalty petition alleging that Sun Oil had refused to comply with the referee's order in the 1989 decision. The referee consolidated DeVore's penalty petition with Sun Oil's petition to review.

The referee decided the consolidated case on January 10, 1991 (the 1991 decision). The referee treated Sun Oil's petition as one for modification and granted it, thereby acknowledging Sun Oil's statutory right to be subrogated as to DeVore's third-party recovery. The referee denied DeVore's request for penalties against Sun Oil. Therefore, DeVore appealed the 1991 decision to the board at docket No. A91–168 (the 1991 appeal). The board affirmed the 1991 decision.

In addition, before DeVore filed his penalty petition, he had entered judgment on the referee's 1989 decision in the Philadelphia County Court of Common Pleas, and finally executed judgment on March 28, 1990. Sun Oil filed a petition to open or strike judgment entered by DeVore in the common pleas

court, but the trial court denied Sun Oil's petition in October 1990.

On appeal, the Superior Court affirmed the trial court and chose not to address the questions of the validity or the timeliness of Sun Oil's asserted subrogation right. Rather, the Superior Court, in its memorandum opinion filed November 18, 1991, concluded that Sun Oil did not provide any evidence to establish an acceptable explanation for its failure to comply with the Act.

Although Sun Oil attempted to introduce as evidence the referee's 1991 decision finding that Sun Oil has a right to subrogation, the Superior Court held that the 1991 decision was not properly before the court. The Superior Court stated, in pertinent part:

> This court is aware that [Sun Oil] filed with the Workmen's Compensation referee a Petition to Review 'to determine the amount due in view of its statutory subrogation rights as well as the extent of any third party recoveries, and to calculate exact reimbursement of proportionate counsel fees and costs which may be due.' Said petition was filed on or about December 29, 1989, three months before judgment was entered by [DeVore]. However, the referee did not rule upon the petition until January of 1991, nearly three months after the Court of Common Pleas denied [Sun Oil's] petition to open judgment, and more than two months after [Sun Oil] filed its notice of appeal to this Court. Nevertheless, [Sun Oil] relies heavily in its brief on this modification order and has included the modification order in its reproduced record. This material is not part of the original record and is therefore not part of the record on appeal.... A paper not of record may not be made of record simply by reproducing it.... This court may not consider or rely upon a matter dehors the record as the basis for its decision.

*DeVore v. Sun Oil Company,* 417 Pa.Super. 659, 603 A.2d 1083 (1991).

■ Now DeVore has appealed the decision of the board docketed at A91–168 to this court. Our scope of review limits us to determining whether the board or the referee violated constitutional rights, or committed an error of law, or whether the referee's findings of fact are not supported by substantial evidence. *Ward v. Workmen's Compensation Appeal Board (Sun Refining)*, 143 Pa.Commonwealth Ct. 319, 599 A.2d 1013 (1991). In this case before us, neither party has raised factual disputes or constitutional questions. Rather, DeVore asks us to consider whether the board erred as a matter of law.

### Subrogation

This court has previously addressed the question of the applicability of the equitable principle of laches to the statutory entitlement of subrogation due employers under the Act. In *Ward*, cited above, the claimant died on July 29, 1983, from asbestos-related ailments. The claimant had been receiving worker's compensation benefits for total disability beginning seven months earlier. After his death, the employer and the petitioner, the claimant's widow, agreed on terms for death benefits.

As in our case, the petitioner and claimant in *Ward* filed and settled product liability suits against suppliers of asbestos material used by the employer. The suppliers settled with the Wards between 1983 and 1986. In addition, as in this case, the employer in *Ward* knew that these lawsuits were pending. However, the employer did not know that the Wards won a third-party recovery until February 16, 1988. The employer filed a suspension modification petition on March 21, 1988, which the referee granted, and the board and this court affirmed.

The Act provides that an employer that pays compensation is subrogated to the right of the employee against a third-party tortfeasor. Section 319 of the Act, 77 P.S. § 671. The specific language is as follows:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal

representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer.... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

We note that § 319 does not contain a time limitation for filing a subrogation claim. In addition, the Pennsylvania Supreme Court has stated that the employer's entitlement to subrogation through § 319 is absolute. *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 554 A.2d 485 (1989).

■ The facts in the case presently before us are practically identical to the *Ward* case. Our review of the record indicates the parties stipulated at the October 24, 1990 hearing before the referee that Sun Oil first learned of the existence of DeVore's third-party action on July 6, 1982. However, Sun Oil did not know of DeVore's settlement until December 12, 1989. One week after learning of the third-party settlement, and a total of thirteen days after the referee's 1989 decision, Sun Oil sought to perfect its subrogation lien. Under these facts, laches does not apply to bar Sun Oil's subrogation entitlement.

However, DeVore argues that the decision of the Superior Court must control this question. Of course, the Superior Court had a different record before it. That court did not have jurisdiction to consider the referee's 1991 decision and the board's affirmation of it, because the 1991 decision was not part of the record before the trial court. Those agency decisions are part of our record, and we hold that the board properly affirmed the referee.

### Penalties

■ DeVore also argues that the board erred in affirming the referee's decision *not* to impose penalties on Sun Oil. DeVore contends that Sun Oil violated the Act by unilaterally

622 ·

reducing the amount of the claimant's monthly benefit check before the referee issued the 1991 decision and order.

■ This court has long held that a violation of the Act or its regulations must appear in the record for a penalty to be appropriate. *McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets)*, 142 Pa.Commonwealth Ct. 558, 597 A.2d 1254 (1991). In addition, even where a violation of the Act is apparent in the record, the penalties in the Act are not automatic, but are left to the discretion of the referee. *Department of Labor and Industry v. Workers' Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 456, 399 A.2d 1145 (1979).

Our review of the record indicates that Sun Oil unilaterally reduced its payments to DeVore before the referee issued the 1991 decision finding a right to subrogation. However, the referee ultimately ordered Sun Oil to make payments according to the same calculation and schedule that the employer had unilaterally adopted. The referee chose not to impose penalties for this action and the board found no legal reason to reverse that decision. Nor do we.

Accordingly, we hold that the board acted properly in affirming both the referee's decision granting Sun Oil a subrogation interest as to DeVore's third-party settlements, and the referee's discretionary decision not to impose penalties.

*ORDER*

NOW, July 11, 1994, the order of the Workmen's Compensation Appeal Board, dated July 7, 1993, No. A91–168, is affirmed.