**Charles VEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP-PEAL BOARD (COCO BROTH-ERS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 10, 1997.

Decided May 20, 1997.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

Thomas V. Gebler, Jr., Pittsburgh, for respondent.

Before DOYLE and McGINLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Charles Vey (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision by a workers' compensation judge (WCJ) granting the modification petition filed by Coco Brothers, Inc. (Employer). The issue before the Court is whether the WCJ erred in applying the net method, rather than the gross method, to determine Employer's subrogation rights and liabilities with respect to a third-party settlement.[1]

---

1. Subrogation relating to recoveries from third parties is provided for in Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.

On December 24, 1985, Claimant suffered a compensable work-related injury when the scaffold on which he was working collapsed and he fell approximately sixty feet to the ground. Employer issued a notice of compensation payable providing compensation for total disability at the weekly rate of $336.00. Claimant's benefits were suspended as of April 17, 1986, based on Claimant's return to his pre-injury employment.

On February 23, 1993, Employer filed a petition for modification, suspension and review, alleging that Claimant had amicably settled a third-party action and had received a gross recovery of $125,000.00. Employer sought reimbursement of its subrogation lien and a credit against future benefits to which Claimant may be entitled. Claimant filed an answer admitting Employer's entitlement to subrogation, but averring that the computation of Employer's rights and liabilities should be based on the gross method rather than the net method suggested by Employer.

The WCJ granted Employer's modification petition and applied the net method to determine Employer's entitlement. Based on those calculations, the WCJ determined that, in addition to reimbursement of its lien, Employer was entitled to a grace period of 182.94 weeks.[2] Because Claimant was on suspension status, the WCJ ordered that Employer's grace period would commence when and if Claimant's residual disability results in a loss of earnings.

Claimant appealed to the Board, arguing that the WCJ erred in using the net method, rather than the gross method of calculation. The Board recognized that there was no authority, statutory or otherwise, which addressed this specific issue. The Board then concluded that the WCJ did not commit reversible error in utilizing the method of calculation preferred by Employer.

On appeal to this Court,[3] Claimant argues that the gross method, rather than the net method, is fairest to both parties and best effectuates the humanitarian purpose of the Act. Claimant also argues that there is no provision in the Act and no case law that permits employers to choose the method of calculation to be utilized.

In return for conferring the benefit of the grace period, Section 319 requires that fees and costs incurred to obtain that benefit be reimbursed to the claimant over the course of the grace period. *Pendleton v. Workmen's Compensation Appeal Board (Congoleum Corp.)*, 155 Pa.Cmwlth.440, 625 A.2d 187 (1993). In *Emanuel v. Workmen's Compensation Appeal Board (Coco Brothers, Inc.)*, 692 A.2d 1182 (Pa.Cmwlth.1997), this court concluded that, although the initial distribution of proceeds is the same under either method, only the gross method achieves the reimbursement to the claimant dictated by Section 319. Thus, in *Emanuel*, we held that the net method cannot be used in those subrogation cases involving future compensation payable.

Employer argues that no future credit is necessary in this case because Claimant is on suspension status; therefore, Employer asserts that this case is governed by *Bell Telephone Company of Pennsylvania v. Workmen's Compensation Appeal Board (Artuch)*, 127 Pa.Cmwlth.569, 562 A.2d 427 (1989). In *Bell Telephone*, the court utilized the net method, emphasizing that the case involved no future compensation payable and that the use of the gross method would yield the same result. However, because Claimant's right to compensation has not been terminated, we cannot say with certainty that this case involves no future compensation payable. As reflected in the WCJ's decision, so long as Claimant has residual disability, loss of earnings may recur. Following the

2. In the present case, the WCJ deviated from the net method by subtracting only the amount received by Employer after its prorated share of recovery expenses was deducted from the amount of its lien. By subtracting the lesser amount, the WCJ arrived at a grace period of 182.94 weeks, instead of the correct total of 163.18 weeks. We note that Claimant has not raised this error on appeal.

3. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

reasoning set forth in *Emanuel,* we hold that the WCJ erred in utilizing the net method to calculate Employer's subrogation rights and liabilities in this case.

Accordingly, the order of the Board is affirmed in part and reversed in part. We affirm the Board's order as it affirms the WCJ's decision granting Employer's petition for modification; however, we reverse that part of the Board's order upholding the use of the net method in this case and remand the matter to the Board with instructions to remand to the WCJ for a determination of Employer's subrogation rights and liabilities based on the gross method of calculation.

## ORDER

NOW, May 20, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in part and reversed in part. The Board's order is reversed as it relates to the method of calculation used to determine Employer's subrogation rights and liabilities and is affirmed in all other respects. The matter is remanded to the Board with instructions to remand to the WCJ for a determination of Employer's subrogation rights and liabilities using the gross method of calculation.

Jurisdiction relinquished.