**John KOCHIE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (F.D.I.B.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 1997.

Decided July 25, 1997.

Reargument Denied Sept. 8, 1997.

---

Daniel J. Lewbart, Philadelphia, for petitioner.

Stephen A. Sheinen, Philadelphia, for respondent.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LEADBETTER, Judge.

John Kochie (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ's) (1) calculation of the credit due to Northbrook (Insurer) in its future compensation of petitioner;[1] (2)

1. The Board applied the net method of calculating subrogation rights rather than the gross method. The net method of calculation is also commonly referred to as the "Rollins method" as it was set forth by the Pennsylvania Supreme Court in *Rollins Outdoor Advertising v. Work-*

determination that Insurer is not contractually bound to contribute to the cost of the third party recovery on a one-third basis; and (3) denial of petitioner's request for the assessment of fees and penalties against Insurer. We affirm.

In August of 1986, petitioner was injured in a work-related airplane crash. As a result of these injuries, F.D.I.B. (Employer) issued a Notice of Compensation Payable, and petitioner began to receive compensation benefits from Insurer. Kochie is, and was at all relevant times, the principal stockholder in and officer of F.D.I.B. Although he returned to work in April of 1987, neither he nor Employer informed Insurer of this fact.

Meanwhile, petitioner instituted a lawsuit against Teledyne Continental Motors Aircraft Products (Teledyne) for the injuries he sustained in the August 1986 crash. The suit was brought on petitioner's behalf by the law firm of German, Gallagher & Murtagh for a one-third contingency fee. On October 20, 1988, Insurer wrote German, Gallagher & Murtagh to request that the law firm represent the Insurer's subrogation lien, "for a fee of 33 1/3%". In a letter dated October 28, 1988, the law firm responded:

> This will acknowledge receipt of and thank you for your October 20, 1988 letter concerning our representation of your subrogation lien. It is agreeable to proceed on a 33 1/3% basis, which I believe would also apply to the costs portion of the case.

There was no further correspondence between Insurer and the law firm about the exact meaning of "33 1/3% basis" prior to the settlement of the Teledyne suit.

In May of 1990, petitioner's suit against Teledyne was settled for a lump sum of four million dollars and a one million dollar annuity. At the time of this settlement, petitioner had received $346,627.47 from Insurer in compensation benefits, as a result of which Insurer had absolute subrogation rights to this amount. Nonetheless, petitioner did not immediately release any portion of these settlement proceeds to Insurer. On June 2, 1990, Insurer unilaterally stopped paying petitioner's compensation benefits.

On September 17, 1990 petitioner provided Insurer with information that the Insurer required in order to calculate its subrogation lien. At the same time, petitioner gave to Insurer its first and only payment of $200,384.00. Petitioner, relying on the gross calculation method to determine Insurer's subrogation rights, contends that this $200,384.00 payment is in full satisfaction of Insurer's subrogation lien minus fees and costs. However, the Insurer, relying on the net method of calculation, contends that the Board correctly found that petitioner owes it an additional $45,755.20 on the lien.[2]

■ Based upon the Teledyne settlement, Insurer filed a Petition for Review, Termination, Suspension, or Modification of compensation benefits on June 11, 1990. Petitioner counter-filed with a Petition for Penalties, alleging that Insurer had violated the Act by unilaterally terminating benefits. After conducting a series of hearings, the WCJ entered the order that is, with a few minor amendments,[3] the order now before us on appeal. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa. Cmwlth.277, 572 A.2d 838 (1990), *affirmed*, 531 Pa. 287, 612 A.2d 434 (1992).

*men's Compensation Appeal Bd. (Maas)*, 506 Pa. 592, 487 A.2d 794 (1985). The gross method of calculation is also commonly referred to as the "Bureau method" since it is preferred by the Bureau of Workers' Compensation of the Department of Labor and Industry in 35 Pa.Code § 121.18 and Form LIBC–380.

**2.** Pending a final determination on the merits, Appellant has placed this disputed $45,755.20 into escrow.

**3.** Petitioner appealed this WCJ decision to the Board. In October of 1993, the Board remanded the case to the WCJ for his consideration of two Commonwealth Court subrogation decisions. The WCJ reviewed these decisions and made minor amendments to his original opinion and order in September of 1994. Petitioner also appealed this WCJ opinion, but the Board affirmed the opinion in its entirety in June 1996.

■ It is not disputed that Insurer is entitled to subrogation under Section 319 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671, nor that these subrogation rights are absolute. *Winfree v. Philadelphia Elec. Co.*, 520 Pa. 392, 396, 554 A.2d 485, 487 (1989). Section 319 provides that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery of such person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

These subrogation rights extend not only to the employer, but to the employer's insurer as well. *Miles v. Van Meter*, 427 Pa. Superior Ct. 278, 283, 628 A.2d 1159, 1162 (1993)("Our courts have construed [Section 319] to include subrogation rights not only to an employer but also to an insurer of the employer.") This is especially true where the insurer, rather than the employer, has paid the workers' compensation benefits to the claimant. *Brown v. Travelers Ins. Co.*, 434 Pa. 507, 513–14, 254 A.2d 27, 29 (1969); *McDaniel v. Rexnord, Inc.*, 371 Pa. Superior Ct. 32, 35–36, 537 A.2d 365, 367 (1988).

■ However, petitioner claims that the WCJ made an error of law in choosing to apply the net rather than gross method of calculation to determine Insurer's subrogation rights.[4] In his Conclusion of Law Number 7, the WCJ concluded that:

> In the absence of an agreement between the parties, the Referee is bound to follow the provisions of the Supreme Court pertaining to the calculation of the lien, treatment of future credit, as set forth in *Rollins Outdoor Advertising v. W.C.A.B.*, 506 Pa. 592, 487 A.2d 794 (1986).

*Kochie v. F.D.I.B.* (No. 136–38–0047, filed April 5, 1991), slip op. at 7. There is no case law to support the WCJ's conclusion that the net method must be used in absence of other agreement by the parties. In fact, although this court has indicated a distinct preference for the gross method,[5] in light of the divided case law in this area, we cannot hold that the Board commits an error of law when it uses one method rather than the other.[6]

*Rollins* is the only Pennsylvania Supreme Court opinion dealing directly with the calculation of a subrogation lien under Section

---

4. Although it is not necessary to examine these two methods of calculation in any depth, it is important to note that the calculation of subrogation rights is commonly divided into two separate calculations. These are the calculation of the accrued lien due to the insurer for compensation already paid and the calculation of future credit due to insurer for compensation payable by it into the future. Of course the future credit calculation is only necessary where, as here, the third party settlement exceeds the compensation already paid.

5. Recently, we went so far as to reverse the application of the net method in two subrogation cases involving future compensation payable, opining that "the net method fails to guarantee the equitable result required under Section 319 of the Act." *Emanuel v. Workmen's Compensation Appeal Bd. (Coco Brothers, Inc.)*, 692 A.2d 1182, 1188 (Pa.Cmwlth.1997); *Vey v. Workmen's Compensation Appeal Bd. (Coco Brothers, Inc.)*, 694 A.2d 14 (Pa.Cmwlth.1997)(citing *Emanuel* ).

6. It may be noted, however, the Supreme Court granted a Petition for Allowance of Appeal on the limited issue of "whether the gross or net methodology is to be utilized in determining an employers'/insurers' subrogation rights and liabilities where a claimant recovers in a third-party tort action." *P & R Welding & Fabricating v. Workmen's Compensation Appeal Bd. (Pergola)*, 543 Pa. 646, 674 A.2d 223 (1996).

319. In *Rollins*, the Supreme Court set forth the net method of calculating subrogation rights. However, in our decisions, we have not applied the net method of calculation exclusively and, instead, have indicated a preference for the gross method. *See, e.g., P. & R. Welding & Fabricating v. Workmen's Compensation Appeal Bd. (Pergola)*, 664 A.2d 657, 661 (Pa.Cmwlth. 1995), *alloc. granted*, 543 Pa. 646, 674 A.2d 223 (1996)(stating that the gross method is "preferred"); *Pendleton v. Workmen's Compensation Appeal Bd. (Congoleum Corp.)*, 155 Pa.Cmwlth. 440, 625 A.2d 187, 190 (1993)(opining that the gross method is "the simplest and fairest way"); *CNA Insurance Co. v. Workmen's Compensation Appeal Bd. (Romeo)*, 134 Pa.Cmwlth. 478, 578 A.2d 1375, 1377 (1990); *Dasconio v. Workmen's Compensation Appeal Bd. (Aeronca, Inc.)*, 126 Pa.Cmwlth. 206, 559 A.2d 92, 102 (1989).

■ Nonetheless, both the net and gross methods have been approved by this Court, and in *Darr Construction Co. v. Workmen's Compensation Appeal Board (Walker)*, 677 A.2d 1301 (Pa.Cmwlth.1996), we upheld the application of the gross method, pointing out that "because both methods [gross and net] have been approved by this court, we cannot conclude that the Board erred ..." in applying the gross method. *Id.* at 1310. Using the same rationale here, we conclude that it was proper as a matter of law for the WCJ to use the net method in calculating Insurer's subrogation rights.

■ Petitioner also argues that the WCJ exceeded his discretion by denying attorney's fees and penalties to petitioner. We have previously held that "it is a clear and unacceptable violation of the act for an employer to unilaterally refuse to pay a claimant's medical bills." *Moats v. Workmen's Compensation Appeal Bd. (Emerald Mines)*, 138 Pa.Cmwlth. 449, 588 A.2d 116 (1991). Accordingly, the WCJ incorrectly concluded that Insurer committed no violation of the Act when it unilaterally suspended compensation payments. Nonetheless, the case law is clear that fees and penalties under the Act are discretionary, not mandatory. "[E]ven where a violation of the Act is apparent in the record, the penalties in the act are not automatic, but are left to the discretion of the referee." *DeVore v. Workmen's Compensation Appeal Bd. (Sun Oil Co.,)*, 165 Pa. Cmwlth. 615, 645 A.2d 917, 920,, *alloc. denied*, 540 Pa. 606, 655 A.2d 993 (1994)(citing *Department of Labor and Industry v. Workmen's Compensation Appeal Bd.*, 41 Pa. Cmwlth. 456, 399 A.2d 1145 (1979)). So, "while there must be a finding as to whether or not there was a violation of the Act, such a finding does not mandate the imposition of a penalty." *Dworek v. Workmen's Compensation Appeal Bd. (Ragnar Benson, Inc.)*, 166 Pa.Cmwlth. 512, 646 A.2d 713, 716 (1994). In *DeVore*, we upheld the WCJ's decision not to impose penalties even though employer had unilaterally reduced its payments to claimant prior to the WCJ's official determination of employer's subrogation rights. *Id.* Similarly, we affirm the WCJ's decision here. Particularly in light of the bad faith shown by petitioner in failing to disclose his return to work to insurer and in failing to satisfy the subrogation lien promptly upon receipt of the Teledyne payment, the decision to deny penalties was well within the WCJ's sound discretion.

■ The final issue in this case is whether Insurer was contractually required to reimburse 33 1/3% of petitioner's litigation costs. The WCJ found as follows:

29. The Referee does not believe that Northbrook agreed to pay anything other than the usual pro rata share of fees and costs with respect to its past lien. Furthermore, the Referee does not believe that Dean Murtagh [petitioner's Attorney] was proposing that Northbrook pay one-third of the costs as is now agreed when he stated ".... It is agreeable to proceed on a 33 1/3% basis which, I believe, would also apply to the cost portion of the case". In 1988, Mr. Murtagh could not have known that the Workmen's Compensation lien would be less than one-third of the recovery, and certainly would not have been proposing that Northbrook would be responsible for less than it was responsible to pay under § 319 ... The Referee believes that this issue was raised by the Claimant and/or his attorneys as an afterthought and for purposes of vexation.

*Kochie v. F.D.I.B.* (No. 136–38–0047, filed April 5, 1991), slip op. at 5. There is substantial evidence in the record to support the above finding. Therefore, Insurer must pay only its pro rata share of legal costs.

Accordingly, the order of the Board is affirmed in its entirety.

### ORDER

AND NOW, this 25th day of July, 1997, the order of the Workmen's Compensation Appeal Board in the above captioned matter, is hereby affirmed.