# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carolyn Cannon,                           :
                         Petitioner       :
                                          :
        v.                                :    No. 841 C.D. 2018
                                          :    Submitted: October 26, 2018
Workers' Compensation Appeal              :
Board (The Home Depot),                   :
                         Respondent       :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                    FILED:  March 19, 2019


Petitioner Carolyn Cannon (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated May 24, 2018.  The Board affirmed the decision of Workers' Compensation Judge Joseph Stokes (WCJ Stokes), denying Claimant's penalty petition (Petition).  For the reasons set forth herein, we affirm.

Claimant worked for The Home Depot U.S.A., Inc. (Employer) in its electrical department.  (Reproduced Record (R.R.) at 331a.)  On January 4, 2004, Claimant sustained a work-related injury to her left knee, after becoming startled by a customer while on a ladder, causing her left foot to slip off one of the ladder's steps, onto a step below and causing her left knee to bend backwards.  (*Id.*)

Employer did not issue a notice of compensation payable but appears to have accepted liability for Claimant's work-related injury. (*Id*. at 334a-35a.) A Supplemental Agreement executed by the parties and filed with the Bureau of Workers' Compensation for the purpose of suspending Claimant's wage-loss benefits described Claimant's work-related injury as a sprain, strain, tear, and jam of the left knee.[1] (*Id*. at 331a.)

On August 10, 2009, Employer filed a petition to terminate compensation benefits and a petition to review compensation benefits, alleging in both petitions that Claimant's workers' compensation benefits should have been terminated as of January 22, 2009, because Claimant had fully recovered from her work-related injury by that date. (*Id*.) By decision and order dated August 30, 2012,[2] Workers' Compensation Judge Kathleen M. DiLorenzo (WCJ DiLorenzo) denied Employer's petitions. (*Id*. at 331a-36a.) In so doing, WCJ DiLorenzo concluded that Employer failed to establish that Claimant had fully recovered from her work-related injury, as described in the Supplemental Agreement. (*Id*. at 334a-35a.) WCJ DiLorenzo also concluded that Employer failed to meet its burden of proof with respect to the review petition. (*Id*. at 335a.) Employer appealed WCJ DiLorenzo's decision and order to the Board, arguing that WCJ DiLorenzo redefined Claimant's work-related injury to include injuries to the left ankle instead of injuries solely to the left knee. (*Id*. at 341a.) By decision and order dated September 16, 2014, the Board affirmed, holding that WCJ DiLorenzo did not

---

[1] The parties agreed to suspend Claimant's wage-loss benefits because Claimant had returned to work with no loss in earnings.

[2] The decision and order was dated August 29, 2012, but was not circulated until August 30, 2012.

redefine Claimant's work-related injury to include injuries to the left ankle. (*Id.* at 340a-44a.)

On March 6, 2014—prior to the Board's September 16, 2014 decision affirming WCJ DiLorenzo's order—Claimant filed her Petition, alleging that Employer violated the Workers' Compensation Act (Act)[3] as to her left ankle injury, because: (1) Employer refused to cover reasonable medical treatment; (2) the description of Claimant's work-related injury was incorrect; (3) Claimant's injury had worsened; and (4) Claimant's injury caused a decrease in her earning power. (*Id.* at 6a.) By decision and order dated May 30, 2017,[4] WCJ Stokes denied Claimant's Petition, concluding that Claimant did not meet her burden of proving that Employer violated the Act because she failed to prove that the left ankle was part of the work-related injury. (*Id.* at 56a.) In so doing, WCJ Stokes discussed WCJ DiLorenzo's decision and order and acknowledged that, during the proceedings before WCJ DiLorenzo, Claimant stated that she had new symptoms related to her left ankle. (*Id.* at 55a.) WCJ Stokes indicated, however, that: (1) WCJ DiLorenzo found the Supplemental Agreement—which limits the work-related injury to the left knee—to be controlling; and (2) the Board noted that WCJ DiLorenzo did not amend Claimant's injury description to include the left ankle. (*Id.*) WCJ Stokes, therefore, relied on both WCJ DiLorenzo's decision and the Board's decision in concluding that Claimant's Petition failed to establish a violation

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[4] WCJ Stokes' initial decision was issued on June 29, 2015. This decision failed to make a finding concerning the nature of the accepted work-related injury, prompting Employer and Claimant to appeal this initial decision to the Board. The Board remanded the matter to WCJ Stokes for a determination of the accepted work-related injury. WCJ Stokes' May 30, 2017 decision, which is the decision relevant to this appeal, is the decision and order that WCJ Stokes issued on remand from the Board.

of the Act. (*Id*. at 55a-56a.) Claimant appealed WCJ Stokes' decision to the Board, which affirmed on the grounds that Claimant failed to prove that Employer violated the Act by not paying medical bills related to Claimant's left ankle. (*Id*. at 70a-71a.) In other words, the Board concluded that, due to the fact that Claimant's work-related injury is limited to her left knee, and Employer would only be responsible for the payment of medical bills concerning work-related injuries, non-payment of bills for injuries to Claimant's left ankle does not violate the Act. (*Id.*) Claimant now petitions this Court for review.

On appeal,[5] Claimant argues that the Board committed an error of law by affirming WCJ Stokes' decision and order because WCJ Stokes erroneously concluded that Claimant did not meet her burden of proving that Employer violated the Act. Specifically, Claimant argues that she provided evidence that she sustained an injury to and underwent necessary treatment for her left ankle, and Employer refused to pay for the medical bills associated therewith. In response, Employer argues that the Board properly affirmed WCJ Stokes' decision because Claimant failed to meet her burden of proving that Employer violated the Act. Specifically, Employer argues that the medical bills at issue do not relate to a sprain, strain, tear, and jam of Claimant's left knee, which is the accepted work injury.

Where a claimant files a penalty petition, the claimant has the burden to prove that the employer has violated the Act. *Shuster v. Workers' Comp. Appeal Bd. (Pa. Human Relations Comm'n)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000), *appeal denied*, 781 A.2d 151 (Pa. 2001); *Sims v. Workers' Comp. Appeal Bd. (Sch.*

---

[5] This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Comp. Appeal Bd. (Penn Installation)*, 589 A.2d 291, 293 (Pa. Cmwlth. 1991).

4

*Dist. of Phila.*), 928 A.2d 363, 366 (Pa. Cmwlth. 2007), *appeal denied*, 946 A.2d 690 (Pa. 2008). The alleged violation "must appear in the record in order for a penalty to be appropriate." *DeVore v. Workmen's Comp. Appeal Bd.*, 645 A.2d 917, 920 (Pa. Cmwlth.), *appeal denied*, 655 A.2d 993 (Pa. 1994). Nonpayment of medical bills for work-related injuries is actionable under the Act; however, employers and their insurers are only liable for the payment of medical bills if the bills arise from the treatment of work-related injuries. *Sch. Dist. of Phila.*, 928 A.2d at 366.

Here, Claimant argues that Employer violated the Act because it refused to pay medical bills for treatment of her left ankle, which Claimant contends is part of her work-related injury. As explained by WCJ DiLorenzo and reiterated by WCJ Stokes, however, the accepted work injury is a "sprain, strain, tear, and jam of the *left knee*." (R.R. at 55a, 331a (emphasis added).) Throughout the pendency of these proceedings, Claimant has not sought to modify the description of the accepted work injury to include the left ankle. Due to the fact that Employer is only liable for payment of work-related injuries, Employer is not required to pay medical bills for injuries to Claimant's left ankle and did not violate the Act by failing to do so. Accordingly, we conclude that the Board did not commit an error of law by affirming WCJ Stokes' decision, which denied Claimant's Petition.[6]

---

[6] Claimant also seems to suggest that WCJ Stokes capriciously disregarded the medical evidence that Claimant presented to establish that she suffered a work-related injury to her left ankle while working for Employer on January 4, 2004. To the extent that Claimant has developed this argument in her brief, we disagree. As explained further in this opinion, WCJ Stokes was only required to consider whether Employer violated the Act as it related to the accepted work-related injury—*i.e.*, a sprain, strain, tear, and jam of the left knee. If Claimant desired to amend the description of the work-related injury to include an injury to her left ankle, Claimant had the opportunity to file a review petition. Contrary to Employer's arguments, Claimant would not have been precluded from doing so by collateral estoppel because the issue had not been previously

5

Based on the discussion above, we affirm the order of the Board.


_____
P. KEVIN BROBSON, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

_____

litigated.  Collateral estoppel only applies to prevent parties from re-litigating issues.  *Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998). The description of the work injury has never been litigated because neither Claimant nor Employer has ever sought to expand or modify the description of the injury; rather, the description of the work injury was the subject of a prior appeal to the Board because Employer believed that WCJ DiLorenzo had amended Claimant's work injury to include the left ankle, which the Board concluded she had not.  It is also clear that WCJ Stokes did not consider Claimant's Petition as an attempt to amend her injury description.  Thus, WCJ Stokes could not have capriciously disregarded evidence he was not even required to consider.  *See Capasso v. Workers' Comp. Appeal Bd. (RACS Assocs., Inc.)*, 851 A.2d 997, 1002 (Pa. Cmwlth. 2004) ("capricious disregard occurs when the fact finder deliberately ignores relevant, competent evidence.").

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carolyn Cannon,                          :
               Petitioner    :
                                  :
          v.                              :   No. 841 C.D. 2018
                                  :
Workers' Compensation Appeal            :
Board (The Home Depot),                 :
              Respondent    :

# **O R D E R**

AND NOW, this 19th day of March, 2019, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

                                            _____

                                            P. KEVIN BROBSON, Judge